Delbert H. HOLMES, Appellant,

v.

STATE of Alaska, Appellee.

No. 4532.

Supreme Court of Alaska.

Dec. 21, 1979.

Ernest Z. Rehbock, Anchorage, for appellant.

Monica Jenicek, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

PER CURIAM.

Delbert H. Holmes lent his friend, Susan, a TV set owned by Cora, another friend. He went over to Susan's apartment one night to pick it up. Probably because he was "considerably intoxicated at the time," she would not let him in the door. He put a ladder up against the wall and climbed to the second floor of her building, apparently for the purpose of entering her window. He had a gun with him and said he shot through the window to see if he could scare her into giving the TV set back. Susan was closing the window at the time and the bullet hit her in the left arm.

Holmes then sat in his car; police officers were called and arrested him. He pled guilty to Assault with a Dangerous Weapon [1] and was sentenced to two years imprisonment with a recommendation that alcohol rehabilitation be made available to him. He appeals the sentence. We affirm.

Mr. Holmes was 58 years old at the time of the offense. He has an eighth-grade education. He has worked as a logger, a carpenter, and at odd jobs all of his life. He came to Alaska in 1959. He has always worked hard, it appears, and has been described favorably by several Alaskan employers. He served three and one-half years in the Army during World War II and

---

1. AS 11.15.220 provides:

   *Assault with dangerous weapon.* A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment for not more than 10 years nor less than six months, or by a fine of not more than $1,000 nor less than $100, or by both.

was honorably discharged after attaining the rank of Staff Sergeant. He was awarded the Croix de Guerre. He has no prior criminal record[2] except for traffic offenses and some fifteen- to thirty-year-old OMVI arrests.

Holmes is a problem drinker.[3] He realizes this and says he wants to quit drinking altogether. His statement indicates that he is very sorry for his behavior, and that he is thankful the wound was minor. While he does not want to go to jail, he accepts responsibility for his crime: he says he "broke the law and you have to pay for your wrongs."

The probation-parole officer assigned to his case thought he would not have shot the gun had he not been drunk, but nevertheless recommended incarceration.

The trial court interpreted our previous decisions to mean that the "nature of the offense [of ADW] makes you one of the worst or dangerous offenders." The trial judge felt that Holmes had taken the law into his own hands in attempting to reclaim the TV, and that his use of a firearm was particularly significant. He felt that rehabilitation was, therefore, secondary to the other purposes of sentencing and imposed a two-year term. He recommended alcohol rehabilitation.

There is no claim in this case that the sentence is excessive in length: clearly, the two-year term is not excessive in view of the nature of the assault. Holmes contends, however, that the trial judge, in reviewing the purposes of sentencing, improperly gave rehabilitation last priority. Holmes asserts that the court, therefore, failed to fashion a sentence which would best accomplish rehabilitation while also fulfilling the other sentencing goals.

We have in the past, and continue now, to assume that the Division of Corrections will provide appropriate rehabilitative programs to offenders under its authority. *See Parks v. State*, 571 P.2d 1003, 1005–06 (Alaska 1977). A sentence will, therefore, not be reversed simply because an offender is incarcerated rather than placed in a rehabilitative facility. *Good v. State*, 590 P.2d 420, 423 (Alaska 1979); *Johnson v. State*, 580 P.2d 700, 703 (Alaska 1978); *Fox v. State*, 569 P.2d 1335, 1337–38 (Alaska 1977).

Determination of the relative importance of the varied sentencing purposes, and the fashioning of a sentence to accommodate those goals, rests in the first instance with the trial judge. *Perrin v. State*, 543 P.2d 413, 417 (Alaska 1975); *McClain v. State*, 519 P.2d 811, 813 (Alaska 1974); *Asitonia v. State*, 508 P.2d 1023, 1026 (Alaska 1973); *Nicholas v. State*, 477 P.2d 447, 448 (Alaska 1970).

Here, the court did carefully consider rehabilitation and heard the probation-parole officer testify in considerable detail as to the reasons for her recommendation of incarceration.

The court's determination that the highly dangerous nature of the assault warranted a jail term in spite of Holmes's favorable background is not clearly mistaken.[4]

AFFIRMED.

---

2. A charge of carrying a concealed weapon was filed in conjunction with the ADW charge. Holmes was sentenced to 180 days on that charge, 170 days suspended. He has already served the ten days.

3. His drinking has been a longtime activity, but this was the first time trouble resulted. He has been hospitalized for health problems, and has emphysema. His physicians have warned him that to continue drinking is to risk his life.

4. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).