**Billie T. Ward NYGREN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4219.**

Supreme Court of Alaska.

Sept. 12, 1980.

Deborah A. Paquette, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Leonard M. Linton, Jr., Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER,* BURKE and MATTHEWS, JJ.

## OPINION

MATTHEWS, Justice.

Billie Nygren was tried in the superior court on a charge of manslaughter[1] for the unlawful killing of her husband, Per Nygren. A jury found her guilty and she was sentenced to eight years imprisonment with five years suspended. She appeals the conviction and the sentence imposed.

Per Nygren died on February 17, 1978 from a knife wound in his neck. Both he and his wife had been drinking that afternoon, and when Mrs. Nygren persisted, over his objections, in making repeated phone calls to the home of his son by his former marriage, Per Nygren struck her and a fight ensued. At some time during the course of the fight, when both of them were on the floor, Mrs. Nygren got up and

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. At the time of the offense, AS 11.15.040 provided:

    *Manslaughter.* Except as provided in §§ 10–30 of this chapter, a person who unlawfully kills another is guilty of manslaughter, and is punishable by imprisonment in the penitentiary for not less than one year nor more than 20 years.

grabbed a kitchen knife and stabbed her husband once with it.

Appellant's first claim of error is that the results of a breathalyzer test conducted without her consent and after she had asked for an attorney should have been suppressed because the administration of the test violated her constitutional right to counsel [2] and was an unreasonable search and seizure in violation of the fourth amendment of the United States Constitution [3] and Article I, Section 14 of the Alaska Constitution. [4] Appellant argues that the evidence was prejudicial because, since the defense theory was one of self–defense, the high breathalyzer, .21, [5] influenced the jury in its assessment of the appellant's ability to view the situation as a "reasonable, sober person." [6]

Assuming that there was constitutional error, we believe that it was harmless beyond a reasonable doubt. First of all, the defense of self–defense requires that the circumstances be such that a reasonable person would believe that she was in imminent danger of death or great bodily injury. The focus here is on the circumstances as they would appear to a reasonable person. The intoxication of the appellant is not germane to that question. Additionally, of course, the appellant must actually believe that she is in imminent danger of death or great bodily harm. But an actual belief may be entertained regardless of whether one is intoxicated. Thus, it is difficult to understand how proof of intoxication can have been harmful on this point. Second, the evidence was not used for impeachment of the appellant, since she did not testify. Third, there was ample uncontested evidence, in addition to the breathalyzer, of appellant's intoxication. For these reasons we do believe that, beyond a reasonable doubt, the breathalyzer results could not have affected the jury's verdict. *See Palmer v. State*, 604 P.2d 1106 (Alaska 1979); *Burford v. State*, 515 P.2d 382 (Alaska 1973).

Appellant also appeals the superior court's denial of her motion for a new trial which was made, pursuant to Alaska Rule of Criminal Procedure 33, on the ground of newly discovered evidence. Such motions are within the sound discretion of the trial court, and its decision will not be disturbed unless abuse of discretion is shown. *See, e.g., Johnson v. State*, 501 P.2d 762, 765 (Alaska 1972); *State v. Salinas*, 373 P.2d 512 (Alaska 1962). We find no abuse of discretion here.

Finally, appellant claims that the sentence imposed, eight years with five suspended, was excessive. Appellant contends

2. The sixth amendment of the United States Constitution provides in part:
    In all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of Counsel for his defence.
    Art. I, § 11 of the Alaska Constitution provides in part:
    In all criminal prosecutions, . . . [t]he accused is entitled . . . to have the assistance of counsel for his defense.

3. The fourth amendment of the United States Constitution states:
    The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

4. Art. I, § 14 of the Alaska Constitution states:
    The right of the people to be secure in their persons, houses and other property, papers, and effects, against unreasonable searches and seizures, shall not be violated. No warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

5. *See* AS 28.35.033(a)(3).

6. Instruction number 9 stated in part:
    In order to justify the taking of a human life in self–defense, the slayer, as a reasonable person must have reason to believe and must believe that she is in danger of death or great bodily injury; and further the circumstances must be such that an ordinary reasonable, sober, person under similar circumstances, would believe that it was necessary for her to use, in her defense and to avoid death or great bodily injury to herself, such force or means as might cause the death of her adversary.

that in its application of the *Chaney* criteria,[7] the court gave insufficient consideration to appellant's rehabilitation.[8] The court recognized that the appellant had led a tragic life in which she had been abused and she, in turn, had abused alcohol. The court concluded that if her rehabilitation were the only consideration, counsel's suggestion of a suspended sentence with probation contingent upon completion of an alcohol treatment, psychological counseling and work therapy program would perhaps be the appropriate course. The court then carefully reviewed all of the goals of sentencing, and particularly emphasized the fifth one, community condemnation of the offender and reaffirmation of societal norms, noting that "the intentional taking of human life requires the imposition of a sentence." As we have stated before, the determination of the relative importance to be assigned to the sentencing goals in any particular case must be made by the trial judge. *Holmes v. State*, 604 P.2d 248, 249 (Alaska 1979); *Asitonia v. State*, 508 P.2d 1023, 1026 (Alaska 1973).

 Mrs. Nygren contends that her sentence is clearly mistaken when compared with that imposed in the case of *Ripley v. State*, 590 P.2d 48 (Alaska 1979). In that case, we held that a sentence for manslaughter of seven years with three years to serve followed by four years probation was excessive, and that a sentence of one year of incarceration with an additional four years probation was an appropriate sentence. *Ripley*, however, was significantly different. Mrs. Ripley had no history of alcohol abuse, whereas Mrs. Nygren has had a drinking problem of about six years dura-tion. She had no prior criminal record, whereas Mrs. Nygren has a record of disorderly conduct, trespassing, and OMVI convictions. In *Ripley*, the victim had threatened to hire a professional killer to kill the defendant Ripley and her children. Ripley had sought police help. On the occasion of the killing, the victim told her that he would blow her head off if she did not open the door to the premises where she and her children were residing. The justification offered in the present case is not similarly compelling.

We do not believe that the sentence imposed here was clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

AFFIRMED.

---

7. *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970) set forth the following goals of criminal sanctions:

(1) rehabilitation of the offender into a non–criminal member of society;

(2) isolation of the offender from society to prevent criminal conduct during the period of confinement;

(3) deterrence of the offender herself after release;

(4) deterrence of others who might have tendencies toward criminal conduct similar to that of the offender;

(5) community condemnation of the offender, or in other words, the reaffirmation of societal norms for the purpose of maintaining respect for those norms.

8. The pre–sentence report indicted that the appellant was undergoing counseling and responding to treatment for her alcohol problem, working toward her G.E.D., and participating in a clerical vocational training program.