**Jerry W. LEWIS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Nos. A–883, A–884.**

Court of Appeals of Alaska.

Oct. 11, 1985.

Kevin F. McCoy, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, Thomas M. Wardell, Dist. Atty., Kenai, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Jerry W. Lewis was convicted, based upon his no contest plea, of several charges involving sexual offenses with minors. The most serious charges involved sexual penetration with minors under the age of thirteen years. AS 11.41.434(a)(1). These offenses are unclassified felonies. Judge Charles Cranston sentenced Lewis to a composite sentence of forty-six years with fifteen years suspended. Lewis appeals

his sentence to this court. We find that it is necessary for us to remand this case.

At the time of these convictions, Lewis was forty-five years old and had no prior convictions. The record reflects that, aside from these offenses, he had been an outstanding citizen in Homer, Alaska, and was active in community activities. Among other activities, Lewis was the leader of a Boy Scout troop. Lewis became sexually involved with a number of the boys in his scout troop. Lewis estimated that ten to eleven boys were involved. The prosecution indicated that approximately thirty boys were involved. The incidents took place over several years, beginning in 1979 or 1980. Lewis admitted performing fellatio on many boys and stated that at least four boys performed oral sex on him.

In sentencing Lewis, Judge Cranston recognized Lewis' excellent record of community service and his lack of prior convictions. However, Judge Cranston placed a great deal of weight on the psychological diagnosis that Lewis suffered from pedophilia, an abnormal sexual attraction by an adult for children. Judge Cranston concluded, based on the psychological report and testimony, that Lewis' pedophilia was probably untreatable. He concluded that Lewis, if released, was likely to commit additional similar offenses. Judge Cranston emphasized the harm which Lewis'

sexual conduct would have on young victims. He therefore concluded that a long period of incarceration was necessary and sentenced Lewis to a composite sentence of forty-six years with fifteen years suspended.

■ Lewis was being sentenced, among other charges,[1] on three counts of sexual abuse of a minor in the first degree, AS 11.41.434(a)(1). Sexual abuse of a minor in the first degree is an unclassified felony and is punishable by a maximum sentence of thirty years. The presumptive sentence for a first felony offender is eight years, for a second felony offender, fifteen years, and for a third felony offender, twenty-five years. AS 12.55.125(i). The parties and trial judge, following our decision in *Griffith v. State*, 675 P.2d 662 (Alaska App. 1984), concluded that under AS 12.55.025(e) and (g), Judge Cranston was required to impose a minimum sentence of three eight-year consecutive terms on these three offenses.[2] *See* AS 12.55.025(g)(5). We have recently reevaluated *Griffith v. State* in *State v. Andrews*, 707 P.2d 900 (Alaska App.1985). Under *Andrews* Judge Cranston is not required by AS 12.55.020(e) and (g) to impose consecutive sentences. Because Judge Cranston might have reached a different sentencing decision if he knew that under

1. Lewis was convicted of three counts of sexual abuse of a minor in the first degree, AS 11.41.-434(a)(1), an unclassified felony. He was also convicted of one count of sexual assault in the first degree, former AS 11.41.410(a)(3), a class A felony. Finally, Lewis was convicted of two counts of sexual abuse of a minor in the second degree, AS 11.41.436, a class B felony.

2. Alaska Statute 12.55.025(e) and (g) read as follows:

(e) Except as provided in (g) of this section, if the defendant has been convicted of two or more crimes, sentences of imprisonment shall run consecutively. If the defendant is imprisoned upon a previous judgment of conviction for a crime, the judgment shall provide that the imprisonment commences at the expiration of the term imposed by the previous judgment.

. . . .

(g) If the defendant has been convicted of two or more crimes before the judgment on

either has been entered, any sentences of imprisonment may run concurrently if

(1) the crimes violate similar societal interests;

(2) the crimes are part of a single, continuous criminal episode;

(3) there was not a substantial change in the objective of the criminal episode, including a change in the parties to the crime, the property or type of property right offended, or the persons offended;

(4) the crimes were not committed while the defendant attempted to escape or avoid detection or apprehension after the commission of another crime;

(5) the sentence is not for a violation of AS 11.41.100–11.41.470 or

(6) the sentence is not for a violation of AS 11.41.500–11.41.530 that results in physical injury or serious physical injury as those terms are defined in AS 11.81.900.

the *Andrews* decision he was not required to impose a minimum sentence of twenty-four years, we remand this case to the trial court for reimposition of sentence.

In spite of the fact that we have concluded that this case should be remanded in light of the *Andrews* decision, we believe that we have sufficient facts before us to state our views on the maximum sentence which Lewis should receive. We trust that by stating our views at this time we can expedite the conclusion of this litigation and aid the trial court in imposing sentence. We hasten to point out that the views which we state are based to a large degree on our decisions in *State v. Andrews* and the companion case of *Koenig v. State,* which we have recently published. These decisions were not available to the trial court at the time of sentencing.

Andrews and Koenig were school teachers and each was convicted of multiple counts of sexual abuse and sexual assault. These charges involved sexual involvement with their female elementary school pupils. Andrews was convicted of five counts of sexual abuse of a minor, a class C felony, AS 11.41.440 and six counts of sexual assault in the first degree, former AS 11.41.-410(a)(3), then a class A felony. Sexual assault in the first degree is now an unclassified felony and is punishable by the same penalties as sexual abuse of a minor, the crime for which Lewis was sentenced. AS 12.55.125(i). Andrews had sexual contact with three minor females between nine and ten years of age. Andrews' conduct involved touching a nine-year-old girl on the breasts and in the vaginal area, touching the breasts and vagina of a ten-year-old and twice engaging in digital penetration of her vagina, and digital, penile and oral penetration with another ten year old. Andrews received an eight-year presumptive sentence, along with concurrent five and eight-year sentences for his other offenses. In imposing sentence, the trial judge noted Andrews was fifty-nine and in extremely poor health and that a sentence in excess of eight years would probably be a life sentence. We affirmed Andrews' sentence.

George Koenig was initially charged with sixteen counts of sexual abuse and sexual assault involving eight victims. The ages of the girls ranged from age eight to twelve. Koenig entered a no contest plea to three charges but agreed the trial judge could consider all the charges in sentencing. Koenig's most serious offense involved digital sexual penetration with an eight-year-old girl, constituting sexual abuse of a minor in the first degree, an unclassified felony. AS 11.41.434(a)(1) and (b). Koenig received a composite sentence of forty years with twenty years suspended. We concluded that this sentence was excessive and held that the superior court should impose a sentence not to exceed twenty years with five years suspended.

Although the *Andrews* case is a useful point of reference because it involves a somewhat similar offense, its usefulness is limited because although we concluded that the sentence was not clearly mistaken, we did not indicate what the maximum permissible sentence would be. The *Koenig* case is more useful because it involves somewhat similar offenses and, in that case, we indicated that a sentence of twenty years with five years suspended was the maximum sentence which we would not find clearly mistaken. We see Lewis' case as being more aggravated than Koenig's. Although Lewis' victims appear to have been older than most of Koenig's victims, Lewis' criminal conduct appears to have taken place over a longer period of time with many more victims and many more sexual acts. It appears that Lewis was sexually involved with about thirty boys over a period of approximately four years. We conclude that on remand Lewis' sentence should not exceed twenty-five years with five years suspended.

REMANDED.