James L. HANCOCK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1811.

Court of Appeals of Alaska.

Sept. 4, 1987.

---

1. We note that the *Covington* case was decided well after Rodriquez's trial was concluded.

Kenneth J. Goldman, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

James L. Hancock was convicted of four counts of sexual assault in the first degree, a class A felony. Former AS 11.41.-410(a)(1) and (b). Hancock's victim was T.T., the daughter of a woman, L.B., with whom Hancock had lived for a number of years. The assaults charged in the indictment occurred between December 1981 and May 1982. The maximum penalty for first-degree sexual assault was twenty years' imprisonment. Former AS 12.55.125(c)(1). At that time first offenders were not subject to a presumptive term; Hancock was sentenced as a first-felony offender.[1]

Superior Court Judge Warren W. Taylor sentenced Hancock to four maximum consecutive twenty-year sentences, constituting a composite sentence of eighty years' imprisonment. Hancock appealed his conviction and the resulting sentence. We affirmed Hancock's conviction but found the record inadequate to resolve the sentencing issue. We therefore vacated his sentence and remanded the case for resentencing. We advised the sentencing judge to make findings of fact explaining the aggravating factors found, based on evidence; we further instructed the court to make conclusions of law applying the *Chaney* criteria to those findings, and to recognize that this court has approved total sentences in excess of forty years only where the defendant was convicted of multiple crimes and has a felony record of violent crimes. *Hancock v. State*, 706 P.2d 1164, 1171, 1173 (Alaska App.1985).

Robert M. Beconovich, Fairbanks, for appellant.

James L. Hancock, pro se.

1. The applicable statutes have been amended. The crime for which Hancock was convicted is now an unclassified felony with a maximum term of thirty years' incarceration. Significantly, the legislature now prescribes an eight-year presumptive term for first offenders (a ten-year presumptive term for those using a firearm or other dangerous instrument or causing serious physical injury) and respective presumptive terms of fifteen and twenty-five years for second- and third-felony offenders. AS 12.55.-125(i).

Judge Taylor retired while this case was on appeal. On remand, it was assigned to Superior Court Judge Gerald J. Van Hoomissen. Under the circumstances, Judge Van Hoomissen was free to exercise his independent judgment in resentencing, but was obligated to follow this court's mandate. *See Kramer v. State,* 735 P.2d 754 (Alaska App.1987). After hearing further evidence from the parties, Judge Van Hoomissen reimposed the four consecutive maximum sentences. Hancock appeals, contending that the sentence imposed on remand is excessive. We agree and remand for resentencing to a period not to exceed forty years' imprisonment.

In our prior *Hancock* opinion, we summarized the facts, then in the record, relevant to Hancock's sentencing, as follows:

Hancock presents a particularly difficult case. At the time he was sentenced, Hancock was thirty-five years old. Hancock is a high school graduate and has college credits in engineering and mathematics. Prior to his arrest, Hancock had been employed for between one and two years as a service manager for a company which manufactures water pumps. Hancock has a criminal record consisting of a number of property offenses committed between 1967 and 1971, for which he apparently served some time in prison, and two offenses involving violence against others committed in 1977. Hancock has no record from 1977 until the conviction which is the subject of this appeal.

Hancock lived with L.B. and her five children for a period of about five years [spanning the period 1977 until 1982] before his arrest. The sentencing record establishes a continuous course of sexual abuse of T.T. and some evidence of sexual abuse of her siblings. In addition, Hancock has been violent with all of the children and their mother. Hancock denies that he sexually assaulted T.T. and exhibits little remorse. Most disturbing is the evidence that he penetrated T.T.'s vagina with an object which became implanted requiring surgery for its removal. This episode caused T.T. serious physical injury and psychological damage.

706 P.2d at 1172.

We did not rule on Hancock's sentence appeal at that time, believing that the record was inadequate for that purpose. We remanded, directing that the trial court do a number of things. First, the court was to obtain an updated psychological or psychiatric evaluation of Hancock, unless Hancock refused to be evaluated. Second, we directed that the trial court consider an overall sentence in light of the guidelines we expressed in *State v. Andrews,* 707 P.2d 900 (Alaska App.1985), *aff'd,* 723 P.2d 85 (Alaska 1986). *Andrews* had been decided after Hancock was sentenced. We concluded:

[I]n resentencing Hancock the trial court should recognize that we have only approved total sentences of forty years or more for persons convicted of multiple crimes warranting consecutive sentences who also have a felony record for crimes of violence. *Wortham v. State,* 689 P.2d 1133, 1143–45 (Alaska App.1984) (five prior felony convictions); *Larson v. State,* 688 P.2d 592 (Alaska App.1984) (two prior felony convictions); but *cf. Nix v. State,* 653 P.2d 1093, 1101 (Alaska App.1982) (extensive felony record for nonviolent crimes but present conviction involved premeditated violent sexual assaults against three separate victims). Hancock would not seem to fit within this category of offenders. In fact, he would not seem to fall within the class of offenders for which we have approved total consecutive sentences of thirty years. *See, e.g., Tookak v. State,* 648 P.2d 1018, 1023–24 (Alaska App.1982) (defendant convicted of rape and kidnapping had a felony record for non-violent crimes and misdemeanor convictions for assault-related offenses). If the total sentence on remand exceeds thirty years, the trial court should clearly indicate why it views Hancock's case as more serious than *Wortham, Larson, Nix,* and *Tookak,* in light of the seriousness of their respective conduct and their respec-

tive past proven criminal records. AS 12.55.005.

706 P.2d at 1173.

On remand, Judge Van Hoomissen held an evidentiary hearing to receive additional evidence regarding Hancock. He reviewed a psychiatric evaluation by John K. Bellville, M.D., of Fairbanks. Dr. Bellville summarized his conclusions as follows:

> Mr. Hancock is a 38–year-old man who is accused of sexual assault, whose thought processes are fluent and organized. He has responsed [sic] to the structure of the prison environment, with both physical and attitudinal changes. His insight, with regard to the behavior with which he is charged, and that to which he admits, with respect to sexually molesting and thinking about sexual [sic] molesting children, is very poor.
>
> In response to the questions posed by Your Honor, it is my opinion that:
>
> 1. The defendant, on or about December, 1981 through May, 1982, had substantial capacity to appreciate the wrongfulness of the act of sexual assault in the first degree. I feel at that time he was unable to conform his conduct to the requirements of the law, and that should he again find himself in a similar situation, it is very likely that his conduct would repeat itself.
>
> 2. On the basis of mental status examination, the patient is not otherwise currently mentally ill, though his history supports the diagnoses of: 1) Alcohol Dependence, continuous; 2) Cannabis Dependence and; 3) Intermittent Explosive Disorder.
>
> 3. I do not feel the defendant is a danger to himself, but that he poses a threat to children if placed in a situation where the opportunity for sexual molestation presents itself.
>
> 4. I feel the defendant's diagnosis is: 1) Pedophilia; 2) Marijuana and Cannabis Dependence, currently in remission and; 3) Intermittent Explosive Disorder. His prognosis, with respect to the pedophilia, is very poor as this is considered one of the disease classes least

> responsive to treatment. With respect to the alcohol and cannabis abuse, his prognosis is moderate, provided he obtain drug and alcohol treatment in an ongoing supportive environment. His prognosis, with respect to the Intermittent Explosive Disorder, depends on the level of external structure Mr. Hancock can be provided with, as persons with this diagnosis generally lack the internal controls necessary to constructively redirect strong emotions such as anger.

Dr. Bellville also noted that Hancock consistently maintained his innocence regarding the charges.

Dr. Boy Collier, a clinical psychologist, testified on Hancock's behalf at the resentencing. Dr. Collier indicated that he had been treating Hancock in the institution and felt that Hancock was trying to come to grips with his problems. Dr. Collier disagreed with Dr. Bellville's conclusion that Hancock was a pedophile. Dr. Collier reasoned that while Hancock was attracted to young children, he was also attracted to older females and that pedophilia, as a diagnosis, was limited to those who were exclusively attracted to children.

The state presented the testimony of T.T. and two of her sisters. All testified under oath to a continuous pattern of sexual abuse between themselves and Hancock during the approximate five years they were under his control.

It is unnecessary to repeat the discussion contained in our earlier *Hancock* decision. Suffice it to say that Hancock's background, his prior convictions, and his conduct with regard to his victim and her sisters, place him among the more serious offenders committing aggravated offenses. Consequently, a trial court would not have been clearly mistaken in imposing a total sentence in the range of ten to fifteen years. *See, e.g., Andrews,* 707 P.2d at 913; *Polly v. State,* 706 P.2d 700, 702 (Alaska App.1985). The difficult question posed by this appeal and its predecessor is whether Hancock can legitimately be sentenced to a period substantially in excess of the fifteen-year benchmark for aggravated of-

fenses. Such a sentence requires a finding that Hancock cannot be rehabilitated or deterred within a lesser period of time. *See, e.g., Larson v. State*, 688 P.2d 592, 599 (Alaska App.1984).

In order to make the determination that a defendant requires a period in excess of fifteen years for deterrence and rehabilitation, it is imperative that the trial court compare his background, experience and offenses with those of others sentenced to extended terms. *See* AS 12.55.-005; *see, e.g., Pears v. State*, 698 P.2d 1198, 1202 (Alaska 1985); *Page v. State*, 657 P.2d 850, 854–55 (Alaska App.1983). In making this determination, eligibility for parole must be disregarded and it must be assumed that the defendant will serve any period of incarceration to which he is sentenced. *Kelly v. State*, 622 P.2d 432, 436–38 (Alaska 1981); *Jackson v. State*, 616 P.2d 23, 24–25 (Alaska 1980). The state concedes that Judge Van Hoomissen did not follow our mandate in this case and evaluate Hancock's background and offense in light of other cases in which extended terms were approved or disapproved.[2] Nevertheless, the state contends that a comparison of Hancock's conduct, offenses and criminal background with those of other offenders, warrants the sentence imposed.

Judge Van Hoomissen's failure to abide by our mandate in this case is troublesome.

*See Preston v. State*, 634 P.2d 550 (Alaska 1981). We are also troubled by his comment during the course of his sentencing remarks that under current law Hancock would be subject to a sentence of up to ninety-nine years for one of the offenses.[3] The supreme court has suggested that where a trial court is in error regarding the applicable maximum penalties, a harmless error analysis is inappropriate and a remand for resentencing is required. *Deal v. State*, 587 P.2d 740, 741 (Alaska 1978). Nevertheless, we are satisfied that we should address the sentencing issues at this time. While Judge Van Hoomissen apparently thought that the maximum sentence under current law was ninety-nine years, he understood that Hancock was convicted under prior law and that the maximum penalty was twenty years in prison. Further, and more importantly, Judge Van Hoomissen did concentrate on the *Chaney* criteria. *See State v. Chaney*, 477 P.2d 441 (Alaska 1970). He also found that Hancock's isolation was necessary to protect the public.

We agree with Judge Van Hoomissen and Judge Taylor that Hancock is a particularly serious offender. His history of assaultive conduct verifies the psychiatrist's diagnosis of explosive temper and supports an inference that he is extremely dangerous to others. Hancock's continual

---

**2.** Judge Van Hoomissen found Hancock to be a "worst offender" and concluded that he could therefore be sentenced to a maximum term. *State v. Wortham*, 537 P.2d 1117, 1128 (Alaska 1975). Judge Van Hoomissen seems to have concluded that the number of separate offenses for which Hancock was convicted was determinative of the maximum term. In this regard, the sentencing court erred. A "worst offender" designation, standing alone, permits imposition of the maximum term for the single most serious offense—in Hancock's case, a term of twenty years. The designation does not, however, automatically permit consecutive sentences exceeding the maximum for the single most serious crime. In order to impose such a sentence, the court must actually find, as a matter of fact, that the defendant will continue to pose a danger to the community during the extended term and that his continued isolation is actually necessary. *See Mutschler v. State*, 560 P.2d 377, 381 (Alaska 1977); *Cleary v. State*, 548 P.2d 952, 956 (Alaska 1976); *Lacquement v. State*, 644

P.2d 856 (Alaska App.1982). Moreover, a *Mutschler-Cleary* finding does not necessarily justify pyramiding consecutive maximum sentences; rather, such a finding permits only an incrementally more severe sentence based on the actual need for protection of the public under the totality of the circumstances of the prosecution's case. *See Andrews*, 707 P.2d at 910.

**3.** Judge Van Hoomissen apparently inferred a maximum ninety-nine year sentence from legislative reclassification of first-degree sexual assault into an "unclassified" felony, a class formerly comprised of murder in the first and second degree, misconduct involving a controlled substance in the first degree, and kidnapping for which maximum ninety-nine year sentences were provided. AS 12.55.125(a) and (b). In fact, the legislature has increased the maximum sentence for sexual assault in the first degree from twenty to thirty years. *See* Former AS 12.55.125(c); AS 12.55.125(i).

sexual abuse of T.T. and her two sisters during a five-year period bears out Dr. Bellville's conclusion that Hancock has a strong sexual interest in children. While Dr. Collier may be correct that this interest is not exclusive, it nonetheless warrants a conclusion that Hancock presents a serious risk to children. Finally, the substantial physical violence visited on T.T., her sisters, and her mother, coupled with Hancock's prior convictions for which he served a substantial period of incarceration, serve to differentiate Hancock's case from those of other child abusers whose sentences we have reviewed. *See, e.g., Dymenstein v. State*, 720 P.2d 42 (Alaska App.1986) (eighteen-year sentence affirmed); *Lewis v. State*, 706 P.2d 715, 716–17 (Alaska App. 1985) (composite sentence of forty-six years with fifteen years suspended, reduced to twenty-five years with five years suspended; defendant, a forty-five-year-old scoutmaster had sexually molested up to thirty boys over a period of approximately four years); *Polly v. State*, 706 P.2d 700 (Alaska App.1985) (sentence of forty years with twenty years suspended reduced to fifteen years; defendant had engaged in repeated sexual abuse of his stepdaughters during a six-year period); *Seymore v. State*, 655 P.2d 786 (Alaska App.1982) (twenty-year sentence affirmed); *Qualle v. State*, 652 P.2d 481 (Alaska App.1982) (consecutive sentence of thirty years and ten years reduced to a twenty-one year sentence).

Hancock's history of assaultive behavior with the victim, her sisters, and her mother serves to differentiate his case from *Hintz* and *Tookak. See Hintz v. State*, 627 P.2d 207, 210–11 (Alaska 1981); *Tookak v. State*, 648 P.2d 1018, 1023–24 (Alaska App. 1982). We are particularly concerned that Hancock's sexual abuse of T.T. and her sisters was discovered in Florida, that

charges were pending, that Hancock, the girls and their mother fled the state, and that Hancock thereafter resumed sexually abusing the girls. On balance, we are satisfied that Hancock's offense and background, while in some respects distinguishable, place him in the category with *Nix. See Nix v. State*, 653 P.2d 1093, 1100–01 (Alaska App.1982). Under the circumstances, a sentence of up to forty years' imprisonment would not be clearly mistaken; a sentence in excess of forty years would be clearly mistaken.[4]

The sentence of the superior court is VACATED and this case REMANDED for resentencing to a term not to exceed forty years' imprisonment.[5]

**4.** In addition to his sentence appeal, Hancock argues that we should reconsider our prior conclusion that the violation of the protective order at trial was harmless error. *See Hancock*, 706 P.2d at 1165–69. This issue was not reserved for further consideration by us in our remand to the superior court. Our prior holding is therefore the law of the case and should only be disturbed if we are convinced that it was patently erroneous. *See, e.g., Stepanov v. Gavrilovich*, 594 P.2d 30, 36 (Alaska 1979). We find nothing

in Hancock's brief that persuades us that we were in error in our prior opinion. We therefore decline his invitation to reconsider that issue.

**5.** Given the extensive record in this case, we leave it to the discretion of the trial court whether an additional sentencing hearing should be held or a new judgment entered on the existing record.