**Earl N. MOSIER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1925.**

Court of Appeals of Alaska.

Dec. 31, 1987.

Michael Dieni, Asst. Public Advocate, Anchorage, and Brant McGee, Public Advocate, Anchorage, for appellant.

Susan S. McLean, Dist. Atty., Kodiak, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Earl Nicholas Mosier pled *nolo contendere*, and was convicted of three counts of sexual abuse of a minor in the first degree, an unclassified felony. AS 11.41.434(a)(2),

(b). A first offender convicted of this offense is subject to an eight-year presumptive term. The maximum penalty is thirty years' imprisonment. AS 12.55.125(i). On each count, Judge James A. Hanson sentenced Mosier to a term of fifteen years with five years suspended, each term to run consecutively. Mosier, therefore, received a composite sentence of forty-five years with fifteen years suspended.

Mosier appealed his sentence to this court, arguing that the trial court erred in evaluating aggravating and mitigating factors, *see*, AS 12.55.155, in mistakenly concluding that consecutive sentences were mandatory, and by imposing an excessive sentence. We affirmed Judge Hanson's ruling on aggravating and mitigating factors, but declined to consider Mosier's challenge to the length of his sentence because we agreed with him that the trial court erred in believing that consecutive sentences were mandatory. *See State v. Andrews*, 707 P.2d 900 (Alaska App.1985), *aff'd*, 723 P.2d 85 (Alaska 1986). We therefore remanded the case for reconsideration in light of *Andrews*, and two contemporaneous cases: *Hancock v. State*, 706 P.2d 1164 (Alaska App.1985) (*Hancock I*), and *Lewis v. State*, 706 P.2d 715 (Alaska App. 1985).

On remand, the case was assigned to Judge Rene J. Gonzalez, who held an evidentiary-sentencing hearing on December 11, 1986. At the hearing, Judge Gonzalez heard testimony from Joseph Bratton, a psychologist; P.M.M., the victim; Linda Louise Mosier, the victim's mother and Mosier's wife; and Christopher Bruce Cooney, a family friend. After hearing argument from the parties, Judge Gonzalez reduced Mosier's sentence. He imposed three consecutive eight-year terms and suspended four years. Thus, Mosier received a composite sentence of twenty-four years with four years suspended.

Mosier appeals a second time, arguing that the sentence is excessive. Specifically, he contends that a sentence of twenty-four years with four years suspended exceeds the ten- to fifteen-year benchmark established for similar cases in *State v. Andrews*, 707 P.2d at 912, and *Hancock I*, 706 P.2d at 1172. He also contends that his sentence violates the "rule of parsimony" articulated in *Pears v. State*, 698 P.2d 1198, 1204–05 (Alaska 1985). Finally, Mosier contends that the trial court made no express finding that his isolation, beyond the eight-year presumptive term for a single offense, was necessary for the protection of the public. *See Lacquement v. State*, 644 P.2d 856, 862 (Alaska App.1982).

The facts of this case are set out in our earlier decision in this case. *See Mosier v. State*, Memorandum Opinion and Judgment No. 1117 (Alaska App., March 19, 1986).[1] Suffice it to say that Mosier committed a series of significant sexual assaults on his two daughters and encouraged his stepson to sexually abuse Mosier's older victim. Nevertheless, the trial court did not address the ten- to fifteen-year benchmark established in our prior decisions concerning aggravated cases of sexual assault, and nothing in this record establishes that a sentence in excess of fifteen years is necessary to protect the public. Nor is there anything in the record to indicate that Mosier's offenses, while aggravated, are more aggravated than prior cases and deserve a sentence in excess of this benchmark. *Cf. Hancock v. State*, 741 P.2d 1210, 1215 (Alaska App.1987) (*Hancock II*) (prior convictions and history of violence justified departure from sentencing benchmark for child abusers). Therefore, the sentence imposed is clearly mistaken. *See McClain v. State*, 519 P.2d 811, 813 (Alaska 1974).

The sentence of the superior court is REVERSED. This case is REMANDED for imposition of a total sentence not to exceed fifteen years.

---

**1.** Mosier sexually abused his two daughters over a protracted period of time, subjecting one girl to genital and oral intercourse and the other to digital penetration. He photographed both girls in the nude and encouraged his adopted son to have sexual relations with his older daughter. We affirmed the trial court's conclusion that Mosier's conduct "was among the most serious conduct included within the definition of the offense." AS 12.55.155(c)(10).