Floyd H. HOWELL, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1311.

Court of Appeals of Alaska.

June 17, 1988.

---

Rex Lamont Butler, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Floyd H. Howell was convicted by jury of ten counts of sexual assault in the first degree, AS 11.41.410(a)(3) and (4), and three counts of sexual abuse of a minor in the first degree, AS 11.41.434(a)(1) and (2). Superior Court Judge Karl S. Johnstone sentenced Howell to an aggregate term of thirty-eight years. Howell appeals his conviction and his sentence. We affirm his conviction but remand for resentencing to a term of not more than twenty-five years with five years suspended.

The charges against Howell stem from the sexual abuse of his daughters, J.H. and Y.H. At trial, J.H. testified that Howell began having intercourse with her in 1974 when she was four years old, when the family was living in Hawaii. She stated that when her mother took her brothers and sisters to the grocery store, her father would sexually abuse her. In 1980, the family moved to Alaska and operated a gold mine in Petersville. J.H. testified that when Howell left the mine to get supplies, he would take J.H. with him; these trips often lasted a week or two, and Howell had intercourse with her every night. J.H. stated that between 1974 and 1984 Howell had intercourse with her on perhaps as many as 600 occasions. According to J.H., when she was fourteen Howell told her, "When you're fifteen, then you have a baby, and then he'll be really smart, and we can start a human race." He said that he would be the father of the child.

Howell was also charged with one incident of digital penetration of his daughter, Y.H., who was nine years old at the time of the incident. Y.H. testified at the trial that she had no recollection of the incident. The state was permitted to impeach her testimony by playing a recording of previ-

ous testimony Y.H. had given before the grand jury.

At trial, Howell denied any abuse of J.H. or Y.H. He claimed that his oldest daughter, Pamela, fabricated the allegations of sexual abuse of J.H. as revenge against him. He admitted that he touched Y.H.'s genital area on one occasion, after she told him she was experiencing pain there. Howell also acknowledged having a prior sexual relationship with F.H., a stepdaughter, but claimed that he did so only after she turned seventeen years old.

On rebuttal, the state was allowed to present evidence that F.H. was actually the mother of J.H. F.H. testified that she, like J.H., had been abused by Howell since she was four years old and that J.H. was born as a result of Howell's incestuous relationship with her.

■■■■ Howell initially challenges his conviction. He alleges that numerous errors occurred before and during his trial. Howell's claims have little merit and do not require extended discussion.[1]

1. In brief, Howell argues:

(a) The trial court erred in denying his oral motion to dismiss the indictment. Howell failed to bring a timely motion to dismiss, and he provides no basis for finding that waiver should be precluded. *Selig v. State,* 750 P.2d 834, at 837, 838 (Alaska App., February 26, 1988); Alaska Criminal Rules 12(e) and 16(f)(3).

(b) The trial court erred in denying his motion for a bill of particulars. The indictment here was sufficient to inform Howell of the charges against him. Judge Johnstone did not abuse his discretion in denying the motion. *Lupro v. State,* 603 P.2d 468, 472 (Alaska 1979); *Covington v. State,* 703 P.2d 436, 439–40, *aff'd on rehearing,* 711 P.2d 1183 (Alaska App.1985).

(c) The trial court erred in allowing evidence of his prior sexual misconduct with F.H. *Soper v. State,* 731 P.2d 587 (Alaska App.1987), is controlling, and F.H.'s testimony was admissible. Judge Johnstone did not abuse his discretion in admitting the evidence. *Hawley v. State,* 614 P.2d 1349, 1361 (Alaska 1980).

(d) The trial court erred in denying Howell's motion for a stay of proceedings. Howell has failed to show that the court abused its discretion in denying the stay. *Salazar v. State,* 559 P.2d 66, 71–72 (Alaska 1976); *Best v. Anchorage,* 712 P.2d 892, 894–95 (Alaska App.1985).

(e) The trial court erred in admitting hearsay testimony.

(1) Dorothy Lee, a child protection worker, testified that J.H. told her that she had been sexually abused since she was age four. Any error is harmless under the circumstances of this case. J.H.'s prior consistent statement to Lee was made before any motive to fabricate arose and did not add to or repeat any specific details of the abuse testified to by J.H. *See Nusunginya v. State,* 730 P.2d 172, 174–75 (Alaska App.1986).

(2) Dr. Linda Eckman testified that J.H. had told her that she had been abused since she was age four and that Howell planned to impregnate her for the purpose of starting a new race. Again, any error was harmless. *Id.*

(3) At trial, Y.H. claimed that she could not remember any incidents of abuse by Howell. The state played for the jury a tape of a police interview with Y.H. and a tape of her grand jury testimony. Prior inconsistent statements may be used for impeachment purposes as well as for proof of the facts contained in the statement; Howell's opportunity to cross-examine Y.H. at trial was sufficient to satisfy his right to confrontation. *Van Hatten v. State,* 666 P.2d 1047, 1049 (Alaska App.1983); A.R.E. 801(d)(1)(A).

(f) The trial court erred in denying his motion for acquittal based on the fact that alternative legal theories were presented to the jury. The state may present alternative counts to the jury, as long as only one sentence is imposed on the two charges. *Gilbert v. State,* 598 P.2d 87, 91 (Alaska 1979).

(g) The prosecutor's improper comments during closing argument denied him due process. Howell cites three statements made by the prosecutor which he claims referred to uncharged prior sexual misconduct with F.H. As to the first two statements, the prosecutor merely reiterated evidence that was presented at trial or could be inferred from that evidence. *Patterson v. State,* 747 P.2d 535 (Alaska App.1987); *Potts v. State,* 712 P.2d 385 (Alaska App.1985). The third comment was arguably an improper personal attack against the defendant. Under the circumstances of this case, however, the prosecutor's conduct did not undermine the fundamental fairness of the trial. *United States v. Young,* 470 U.S. 1, 11, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985); *Potts,* 712 P.2d at 390.

(h) The trial court erred in denying Howell's motion for a new trial.

(1) Hearsay evidence. The trial judge did not abuse his discretion on the limited admissibility of the evidence concerning Howell's relationship with F.H. *Brown v. State,* 693 P.2d 324, 327 (Alaska App.1984).

(2) Ineffective assistance of trial counsel based on counsel's failure to call certain witnesses and to pursue certain lines of inquiry. Howell failed to submit any affidavits from witnesses or from his trial counsel. He has failed to show that his trial counsel's conduct did not conform to the standard of competence of a reasonable attorney. *Risher v. State,* 523 P.2d 421, 425 (Alaska 1974).

Howell next contends that his sentence is excessive. Counts I through XII of the indictment charged sexual penetration of J.H., during different periods from 1980 through 1984. Counts XIII and XIV charged sexual penetration of Y.H. during the period from October to December 1984. The jury found Howell guilty on all counts except Count XI, which had earlier been dismissed. The indictment contained seven pairs of counts charging each offense under alternative theories of sexual assault in the first degree: sexual penetration of a person under thirteen, and incest. The alternative counts were merged for sentencing purposes. The presumptive term for first-degree sexual abuse or first-degree sexual assault of a minor is eight years for a first felony offender, fifteen years for a second felony offender, and twenty-five years for a third felony offender. AS 12.55.125(i). Judge Johnstone found that Howell was a worst offender. He also found two aggravating factors by clear and convincing evidence: that Howell knew that his victims were particularly vulnerable, AS 12.55.155(c)(5), and that Howell's conduct was among the most serious included in the definition of the offense, AS 12.55.155(c)(10). The judge imposed consecutive terms totalling thirty-eight years of unsuspended imprisonment.

Howell does not dispute the court's worst offender finding or contend that the aggravating factors were inapplicable to his case. Rather, he argues that as a first felony offender he should not have been sentenced to significantly more than the presumptive term, *State v. Andrews*, 707 P.2d 900 (Alaska App.1985), *aff'd*, 723 P.2d 85 (Alaska 1986), and that he should have received a more favorable sentence than the presumptive term for a second felony

offender, *Austin v. State*, 627 P.2d 657 (Alaska App.1981).

In *Andrews*, we held that the appropriate sentencing range for first felony offenders convicted of aggravated cases of sexual abuse is between ten and fifteen years of unsuspended incarceration and that longer terms would be permissible only in exceptional cases. 707 P.2d at 913.

We have consistently reaffirmed the propriety of the ten- to fifteen-year benchmark in cases involving sexual abuse of minors. *See, e.g., Mosier v. State*, 747 P.2d 548 (Alaska App.1987); *Covington v. State*, 747 P.2d 550 (Alaska App.1987); *Soper v. State*, 731 P.2d 587 (Alaska App.1987). In *Mosier*, the defendant committed a series of sexual assaults on his two daughters and encouraged his stepson to sexually abuse the oldest daughter. The trial court, however, did not address the *Andrews* benchmark and nothing in the record established that a sentence in excess of fifteen years was necessary to protect the public. We found the sentence of twenty-four years with four years suspended to be clearly mistaken. In *Covington*, the victim testified that Covington sexually abused her for nine years, subjecting her to virtual daily intercourse during the last two years. We found that this testimony qualified Covington as an aggravated offender deserving of an aggravated sentence. However, there was nothing in the record to justify a sentence in excess of the *Andrews* benchmark and we remanded for imposition of a sentence not to exceed fifteen years. In *Soper*, the defendant was convicted of sexual assault in the first degree for the abuse of his daughter. Given the extended abuse of the victim, coupled with a verified and substantial history of abuse of his other daughters, we held that the trial court was not clearly mistaken in imposing a sentence

---

(3) Witness tampering by the prosecutor. Evidence established that the prosecutor was merely informing witnesses about protective orders that would prohibit them from mentioning certain subjects in their testimony.

A motion for a new trial is addressed to the sound discretion of the trial court and is subject to reversal only if an abuse of discretion occurs; that is, if the trial court's decision is clearly untenable or unreasonable. *Nygren v.*

*State*, 616 P.2d 20, 22 (Alaska 1980); *Gonzales v. State*, 691 P.2d 285, 286 (Alaska App.1984). Judge Johnstone did not abuse his discretion in denying the motion for a new trial.

(i) Howell was denied the effective assistance of his second attorney. Howell failed to raise this issue below; he cannot raise it for the first time on appeal. *Barry v. State*, 675 P.2d 1292, 1296 (Alaska App.1984).

of fourteen years with four years suspended. *See also Polly v. State*, 706 P.2d 700 (Alaska App.1985).

In several exceptionally aggravated cases we have approved sentences in excess of the ten- to fifteen-year benchmark for first offenders. These cases have involved multiple offenses and multiple victims. Even so, we have never approved a first offender sentence of more than twenty years of unsuspended incarceration except when the defendant used a significant amount of violence, had previously been incarcerated for a substantial period, or both.

In *Goolsby v. State*, 739 P.2d 788 (Alaska App.1987), the defendant was convicted of four separate sexual offenses involving violent assaults on separate victims who were strangers. We approved a composite sentence of thirty-seven years with twelve years suspended. In *Hancock v. State*, 741 P.2d 1210 (Alaska App.1987), the defendant engaged in a continuous course of sexual abuse of his girlfriend's daughter and had also abused her siblings. The defendant had spent some time in prison for similar conduct and had been violent and exhibited deliberate cruelty towards his victims. We held that a sentence of up to forty years would not be clearly mistaken.

By contrast, in *Lewis v. State*, 706 P.2d 715 (Alaska App.1985), Lewis, a Boy Scout troop leader, was sentenced to forty-six years with fifteen years suspended for first-degree sexual abuse of a minor. Lewis' conduct took place over a four-year period and involved many victims but no significant violence. Lewis had no prior record of misconduct. We held that Lewis' sentence should not exceed twenty-five years with five years suspended. *See also Dymenstein v. State*, 720 P.2d 42, 46–47 (Alaska App.1986) (approving a sentence of eighteen years to serve for an aggravated first offender convicted of conduct reflecting an extended period of abuse of three children); *Seymore v. State*, 655 P.2d 786 (Alaska App.1982) (approving a twenty-year sentence for a defendant who had sexually penetrated his stepdaughter on three occasions after having previously been charged with other sexual contacts with her); *Qualle v. State*, 652 P.2d 481 (Alaska App.1982) (approving a twenty-one year sentence for a defendant who had two children perform sexual acts with him and with each other, who took sexually explicit photographs of them for sale to pornographic magazines, and who had previously admitted sexually assaulting his own three children).

Howell has no previous convictions for violent crimes, and he did not resort to physical violence as a means of coercing J.H.'s and Y.H.'s compliance. His history nevertheless does include some violent behavior. In the 1970's, he whipped F.H. with a belt to force her to return to him. On one occasion, he attempted to kidnap J.H.; he maced his wife and F.H., stealing J.H. and fleeing with her. Howell successfully kidnapped J.H. in 1973, when he and an acquaintance posed as police officers and seized her from a motel in Ohio where F.H. and her husband were living.

Judge Johnstone noted the severe trauma suffered by Howell's victims:

> While there's been no apparent physical harm to the victims, there's been this type of harm that has the same effect as physical harm and it's more lasting. Most physical deformities can resolve themselves. It appears that they have not where [F.H.] is concerned, where his first wife is concerned, where [J.H.]'s concerned, and perhaps [Y.H.].... And I without reservation say that I believe that Mr. Howell truly is a danger to those members of his family which I consider to be members of the public....

Judge Johnstone also found that Howell was dangerous and that his chances for rehabilitation and deterrence were low.

The findings made by Judge Johnstone are supported by the record and qualify Howell's case for treatment as an exceptionally aggravated one, justifying a sentence in excess of the *Andrews* benchmark. In addition to the statutory aggravating factors found by Judge Johnstone, a number of non-statutory factors are present in this case. Howell's offenses were part of a

pattern of sexual misconduct resulting in two generations of sexually abused victims. His sexual abuse of J.H. and F.H. continued over a prolonged period of time and involved frequent incidents of penetration. He kept J.H. out of school, effectively isolating her from her peers and from people from whom she could seek help or counseling. J.H., as well as F.H. and Y.H., have suffered severe psychological harm as a result of Howell's conduct. Howell has refused to accept responsibility for his acts and has steadfastly maintained his innocence. Indeed, he has filed suit against F.H. and his oldest daughter for conspiring to take J.H. away from him, and he has filed suit against state officials calling for repeal of all sexual abuse laws. Howell's denial of responsibility suggests that his prospects for rehabilitation are poor. *See Dymenstein v. State*, 720 P.2d 42, 47 (Alaska App.1986).

On the other hand, Howell has no prior criminal record and has never previously spent any time in prison. He did not use physical violence as a means of coercing his victims to participate in the sexual abuse. In our view, this case is comparable to *Lewis.* Lewis had no prior convictions and, aside from the charged offenses, he had an excellent record of community service. However, based on the lengthy period of abuse, the number of victims, and the number of sexual acts involved, we concluded that a sentence in excess of ten to fifteen years was appropriate. Given Lewis' lack of prior convictions, however, and the absence of violence, we concluded that actual incarceration for more than twenty years would be clearly mistaken. Accordingly, we authorized a term of no more than twenty-five years with five years suspended.

We find that Howell's prolonged abuse of J.H. and F.H. constitutes the exceptional circumstances that warrant a sentence in excess of the *Andrews* benchmark for aggravated first offenders. We further conclude, however, that the total sentence of thirty-eight years imposed below is clearly mistaken; we remand for resentencing not to exceed twenty-five years with five years suspended.

The conviction is AFFIRMED. The sentence is VACATED, and this case is REMANDED for resentencing.