**Paul ZACKAR, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2134.**

Court of Appeals of Alaska.

Sept. 30, 1988.

Susan Hartigan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Eugene P. Murphy, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Paul Zackar was convicted, based upon his plea of no contest, of sexual abuse of a minor in the first degree. AS 11.41.-434(a)(1). Judge S.J. Buckalew, Jr. sentenced Zackar, a first felony offender, to twenty years with five years suspended. Zackar appeals his sentence to this court.

On December 17, 1986, Zackar baby-sat for a two- and one-half-year-old child. Zac-

---

kar had genital intercourse with the child. The act of intercourse caused vaginal bleeding. When the child's mother discovered that her daughter was bleeding from the vaginal area, she called the police. The child was transported to the hospital. A medical examination established that the child's hymen was torn and that her vagina was torn approximately one centimeter in length and three millimeters in depth. The child's vaginal walls were bruised. The child underwent surgery at the hospital to repair the vaginal tear. She was discharged from the hospital two days after admission. Zackar admitted to being intoxicated on the night of the assault, but stated that he remembered his conduct. He indicated shame and remorse for what he had done, and had no explanation for his behavior.

Zackar was age thirty-one at the time of the offense. He had had several misdemeanor convictions; however, none of the prior convictions involve assaultive behavior. Zackar has never served more than thirty days in jail on any prior offense. Zackar's history shows a significant long-term problem with abuse of drugs and alcohol.

Sexual abuse of a minor in the first degree is an unclassified felony with a maximum term of imprisonment of thirty years. AS 12.55.125(i). The presumptive sentence for a first felony conviction is eight years, unless "the defendant possessed a firearm, used a dangerous instrument, or caused serious physical injury during the commission of the offense," in which case the presumptive sentence is ten years. AS 12.55.125(i)(1) and (2). The presumptive sentence for a second felony offender is fifteen years. AS 12.55.125(i)(3). In sentencing Zackar, Judge Buckalew found two aggravating factors: that "the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to ... extreme youth...." and that "the conduct constituting the offense was among the most serious conduct included in the definition of the offense." AS 12.55.155(c)(5) and (10). Zackar does not dispute Judge Buckalew's findings con-

cerning these two aggravating factors. Zackar does not dispute that his offense was aggravated. He points out, however, that in other cases where we have approved fifteen years of actual imprisonment, the offenses had involved several victims, repeated offenses against a single victim, or a prior felony record.

In *Mallott v. State*, 608 P.2d 737, 752 (Alaska 1980), the defendant was convicted of the rape of a three-year-old girl. The Alaska Supreme Court found not clearly mistaken a sentence of thirty years with fifteen years suspended. *Mallott*, however, is distinguishable from this case on two grounds. First, Mallott was convicted under a former statute which provided for a more severe penalty for his crime. The former statute provided that a person who was nineteen years or older who had sexual intercourse with a person under sixteen years was punishable by imprisonment for any term of years. Second, Mallott had three prior felony convictions as well as three misdemeanor convictions. Mallott's prior felony offenses were for property crimes and had occurred fifteen to twenty years before his sexual assault conviction, but still amounted to a substantial, if remote, felony background.

In *State v. Andrews*, 707 P.2d 900 (Alaska App.1985), *aff'd*, 723 P.2d 85 (Alaska 1986), Koenig was convicted of one count of sexual abuse of a minor in the first degree and two counts of sexual abuse of a minor in the second degree. *Id.* at 904. These charges were representative of several acts of sexual assault involving eight victims. In *Andrews*, we found Koenig's sentence of forty years with twenty years suspended to be clearly mistaken. After an extensive discussion of former cases and statutory changes in the law involving sexual assault, we acknowledged a fifteen-year benchmark sentence for aggravated offenses involving sexual assaults on minors for first felony offenders. *Id.* at 916–17. We indicated that Koenig's sentence should not exceed twenty years with five years suspended.

In *Lewis v. State*, 706 P.2d 715 (Alaska App.1985), Lewis was convicted of several

charges involving sexual offenses with minors. The most serious charges involved sexual penetration with minors under the age of thirteen years. AS 11.41.434(a)(1). We concluded that Lewis' case was more aggravated than Koenig's. We stated that,

> Although Lewis' victims appeared to have been older than most of Koenig's victims, Lewis' criminal conduct appears to have taken place over a longer period of time with many more victims and many more sexual acts. It appears that Lewis was sexually involved with about thirty boys over a period of approximately four years. We conclude that on remand Lewis' sentence should not exceed twenty-five years with five years suspended.

*Id.* at 717.

Zackar also points out that the legislature has provided for a ten-year presumptive sentence for a first felony offender who "possessed a firearm, used a dangerous instrument, or caused serious physical injury during the commission of the offense." He argues that even though his offense is aggravated, it should not exceed this aggravated offense benchmark. In addition, in *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981), we indicated that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second felony offender. It is clear this rule should be violated only in an exceptional case." The presumptive sentence for a second felony offender is fifteen years.

It is undisputed that this is an aggravated case. The age of the victim and the victim's injuries establish this as a serious offense. In addition, Zackar had several misdemeanor convictions and a long history of substance abuse which reflects poorly on his prospects for rehabilitation. *State v. Ahwinona,* 635 P.2d 488 (Alaska App. 1981) (a history of alcohol or drug abuse may be considered to the extent that it reflects on the defendant's prospects for rehabilitation). However, we do not believe that Zackar's offense can be properly classified with offenses such as those reported in *Mallott, Andrews,* or *Lewis,* where the offenses involved multiple acts with multiple victims or, in the case of *Mallott,* a prior felony record. We accordingly find that the sentence of twenty years with five years suspended is clearly mistaken.

We VACATE Zachar's sentence and REMAND, ordering the trial court to impose a sentence of fifteen years with three years suspended.[1]

SINGLETON, Judge, dissenting.

The primary responsibility for determining an appropriate sentence in criminal cases rests with the trial court. *State v. Graybill,* 695 P.2d 725, 729 (Alaska 1985). Our sentence review authority is limited. We are to determine an appropriate sentencing range for a given offense and offender, and then compare the sentence being reviewed to determine whether it falls within that range. *See, e.g., McClain v. State,* 519 P.2d 811, 813 (Alaska 1974).[1] If

---

**1.** Zackar points out that in imposing sentence Judge Buckalew did not give any indication that he intended to restrict Zackar's eligibility for parole. However, the written judgment states that Zackar's fifteen years of imprisonment is presumptive and that Zackar is not eligible for parole. Zackar points out that the sentencing remarks govern the sentence, rather than the written judgment. *Whittlesey v. State,* 626 P.2d 1066, 1068 (Alaska 1980). Zackar also points out that once a sentence has been meaningfully imposed it cannot later be increased. *Sonnier v. State,* 483 P.2d 1003 (Alaska 1971). Zackar argues that since Judge Buckalew did not restrict his parole when he pronounced sentence, that his parole should not be restricted except during the eight-year presumptive term. During the eight-year presumptive term, Zackar's sen-

tence is restricted by law. The state agrees with Zackar's argument and concedes error. We find the state's concession of error to be well founded. *Marks v. State,* 496 P.2d 66 (Alaska 1972). We accordingly order the trial judge to delete from the written judgment the language which restricts Zackar's parole beyond the eight-year presumptive term.

**1.** In *McClain,* the court evaluated two lines of authority purporting to describe the test which an appellate court should apply in reviewing trial court sentencing decisions—cases adopting a zone of reasonableness test, and cases utilizing a clearly mistaken test. The court concluded that both tests meant the same thing:

> Implementation of these two formulations reveals a similar analytical framework which

it falls within the appropriate range, we must approve the sentence. It is only where the sentence being reviewed is outside the appropriate range that remand for resentencing is appropriate. In *State v. Andrews*, 707 P.2d 900, 912–13 (Alaska App.1985), *affirmed*, 723 P.2d 85 (Alaska 1986), we recognized a sentencing range for first offenders convicted of aggravated offenses of sexual abuse or sexual assault on minors of between ten and fifteen years of unsuspended incarceration. *See also Covington v. State*, 747 P.2d 550, 553 (Alaska App.1987). The majority accepts the trial court's conclusion that this is an aggravated case because of the victim's age and the injuries she suffered. I agree that the trial court's conclusions along this line are not clearly mistaken. Consequently, it would appear that the sentence imposed, twenty years with five years suspended, is within the previously recognized range of sentences and should be approved.[2] The majority's conclusion that the appropriate sentence is fifteen years with three years suspended ignores our past decisions and exceeds our sentence review authority. It amounts to the kind of tinkering with trial court sentences forbidden by *State v. Chaney*, 477 P.2d 441, 444 n. 12 (Alaska 1970).

I therefore dissent.

---

accounts for their combined use in some cases. Analytically, the clearly mistaken test implies a permissible range of reasonable sentences which a reviewing court, after an independent review of the record, will not modify. The zone of reasonableness merely describes that range of reasonable sentences which after an independent review of the record will not be modified by the reviewing court.

519 P.2d at 813 (citations omitted).

Since the two tests were identical, the court sought to avoid future semantic confusion by henceforth referring to the test as the "clearly mistaken" test. *Id.* at 813–14.

2. In reviewing sentences, primary attention must be given to unsuspended time. *Graybill*, 695 P.2d at 730–31.