**Raymond BAKER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6961.**

Court of Appeals of Alaska.

Jan. 14, 1983.

Paul Canarsky, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Teresa L. Foster, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Raymond Baker was convicted of kidnapping G.J. AS 11.41.300. Kidnapping is an unclassified offense. The penalty is five years to ninety-nine years. AS 12.55.125(b). Baker was previously convicted of burglary and received a suspended imposition of sentence. AS 12.55.085. He was on probation at the time he committed this offense. The record reflects that Baker assisted Bradford Wilson in kidnapping the victim and restrained her so that Wilson could sexually assault her. Baker did not have sexual contact with the victim. When the sexual assault was concluded, the two took turns kicking the victim until she was unconscious. She was then left naked by the road to die. The outside temperature was thirty degrees above zero. Fortunately, a passerby found G.J., thus saving her life. She was able to provide the police with information leading to the arrest of her assailants. The trial court sentenced Baker to a twenty-year term consecutive to the burglary sentence. He then sentenced Baker to five years on the burglary conviction and suspended all five years. Baker therefore faces twenty-five years with five suspended as a result of these two unrelated offenses. He appeals contending that the sentence imposed is excessive. He points out that the court found that his role in the offense was passive compared to Wilson's and that he pled guilty and testified against Wilson. Wilson received twenty years for the kidnapping and ten years (to run consecutively) for the sexual assault. His appeal is pending.

We have reviewed the record and have concluded that the sentence imposed was not clearly mistaken. *Davis v. State,* 635 P.2d 481 (Alaska App.1981).

The sentence of the superior court is AFFIRMED.