Bradford WILSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 6919.

Court of Appeals of Alaska.

Oct. 14, 1983.

**1150**

James M. Hackett, Fairbanks, for appellant.

Jeffrey W. Cole, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Bradford Wilson and Raymond Baker were indicted by a Fairbanks grand jury for the kidnapping and rape of G.J. AS 11.41.-300 (kidnapping); former AS 11.41.410 (first-degree sexual assault).[1]

Wilson was convicted on both counts. He was sentenced to twenty years for kidnapping and ten years for first-degree sexual assault. Since the sexual assault sentence was made consecutive to the kidnapping sentence, Wilson received a total of thirty years. He appeals both the conviction and sentence. He attacks the conviction on three grounds. First, he contends that the trial court erred in failing to give a lesser-included offense instruction on third-degree sexual assault. Second, he argues that the trial court committed plain error in giving Instruction No. 23, concerning confessions and admissions.[2] Third, he contends that the trial court committed plain error in giving Instruction No. 17 concerning the culpable mental state required for kidnapping.[3] In addition, Wilson contends that his sentence is excessive. We affirm.

## FACTS

On November 10, 1981, after an evening of drinking and using drugs, Wilson and Baker encountered G.J., a young woman who was so intoxicated that she was having difficulty walking. Wilson told Baker that he wanted "a piece of tail" and with Baker's assistance pulled G.J. into Wilson's truck. They drove to a remote gravel pit where Wilson removed G.J.'s clothes. Bak-

---

1. Baker agreed to testify for the state against Wilson and, in exchange, received certain concessions. He pled *nolo contendere* to the kidnapping charge and the sexual assault charge was dismissed. Baker had previously been convicted of burglary and received a suspended imposition of sentence. He received a twenty-year sentence for kidnapping, consecutive to any sentence to be imposed for the prior burglary. Baker's sentence was affirmed in *Baker v. State*, 655 P.2d 1324 (Alaska App.1983).

2. *Instruction No. 23 read as follows:*

 A statement made by a defendant other than at his trial may be either an admission or a confession.

 An admission is a statement by a defendant, which by itself is not sufficient to warrant an inference of guilt but which tends to prove guilt when considered with other evidence.

 A confession is a statement by a defendant which discloses his intentional participation in the criminal act for which he is on trial

and which, if believed, proves his guilt of that crime.

 You are the exclusive judges as to whether an admission or a confession was made by the defendant and if the statement is true in whole or in part. If you should find that such statement is entirely untrue, you must reject it. If you find that it is true in part, you may consider that part which you find to be true.

 Evidence of an oral admission of the defendant ought to be viewed with caution.

3. *Instruction No. 17 read as follows:*

 In the crimes charged in the Indictment there must exist a joint operation of an act or conduct and a culpable mental state. To constitute a culpable mental state it is not necessary that there exist an intent to violate the law. When a person knowingly or recklessly does that which the law declares to be a crime, he is acting with a culpable mental state, even though he may not know that his act or conduct is unlawful.

er then got out of the truck and Wilson attempted to have sex with G.J. He placed his fingers in her rectum and put his penis in her mouth. G.J. testified that she had been drinking with her friends that evening and the next thing she remembered was waking up naked in a truck with two men. She struggled with Wilson during the assault.

After the assault Baker returned to the truck and helped G.J. get dressed. Wilson then drove until they ran out of gas. When Wilson left on foot to find some gas, Baker and G.J. struggled; G.J. kicked and broke the rear view mirror and cracked the windshield. When Wilson returned they drove a short distance and stopped again. They all got out of the truck. G.J. began to urinate behind the truck and memorized the license number. Before she stood up, Wilson began to kick her in the head. Wilson told Baker that they should make G.J. unconscious to ensure that she would not remember anything. Wilson kicked her about twenty times with his heavy workboots. Baker kicked her about five times with his mukluks. While the two men kicked G.J., they removed her clothes again. After they succeeded in knocking G.J. unconscious, Wilson and Baker drove away leaving her in the snow.

When G.J. woke up and could not find her clothes, she began to run to try to keep warm. The temperature was approximately 30°F. Fortunately, Leroy Shank was out running his dog team and found G.J. She was incoherent, covered with blood, extremely bruised and badly frostbitten. Shank dressed her in his snowmachine suit and took her to the nearest house to call for help. She had to be hospitalized overnight.

At trial Wilson presented numerous witnesses who testified that he was nonviolent even while drinking. Wilson testified at trial; he denied beating G.J., but admitted the sexual conduct, stating that G.J. was "coming on to" him and that he did not use any force.

The trial court denied Wilson's motion for judgment of acquittal as well as his request for a lesser-included offense instruction.

The jury convicted Wilson on both counts and he was subsequently sentenced to a total term of thirty years.

## LESSER–INCLUDED OFFENSE INSTRUCTION

■ Lesser-included offense instructions are required only when the relationship between the greater and the lesser offense meets two tests. First, it must be impossible to commit the greater offense without committing the lesser, *Rivett v. State,* 578 P.2d 946, 947 (Alaska 1978); and, second, the greater offense must require the jury to find a disputed fact which is not required for conviction of the lesser-included offense. *Rice v. State,* 589 P.2d 419, 420 (Alaska 1979). In deciding whether these tests are met, the court must look to the evidence which the state relies upon to convict the defendant of the greater offense, as well as the respective elements of the two statutes. *See Elisovsky v. State,* 592 P.2d 1221, 1226 (Alaska 1979). In determining whether the various tests are met, the court must apply the "some evidence" test. *Christie v. State,* 580 P.2d 310, 317 (Alaska 1978). Thus a defendant is entitled to a lesser-included offense instruction if there is some evidence which could lead a reasonable jury to find that the element which distinguishes the greater offense from the lesser has not been proved. *Nathaniel v. State,* 668 P.2d 851 (Alaska App.1983).

■ Alaska Statute 11.41.410 provides in relevant part:

*Sexual assault in the first degree.* (a) A person commits the crime of sexual assault in the first degree if,

(1) being any age, he engages in sexual penetration with another person without consent of that person,

(2) being any age, he attempts to engage in sexual penetration with another person without consent of that person and causes serious physical injury to that person.

AS 11.41.430 provides:

*Sexual assault in the third degree.* (a) A person commits the crime of sexual as-

sault in the third degree if he engages in sexual penetration with a person who he knows

(1) is suffering from a mental disorder or defect which renders him incapable of appraising the nature of the conduct under circumstances in which a person who is capable of appraising the nature of the conduct would not engage in sexual penetration; or

(2) is incapacitated.

AS 11.41.470 provides certain statutory definitions for use with the sexual assault statutes:

*Definitions.* For purposes of §§ 410–470 of this chapter, unless the context requires otherwise,

(1) "incapacitated" means that a person is temporarily incapable of appraising the nature of his conduct and is physically unable to express unwillingness to act;

(2) "victim" means the person alleged to have been subjected to sexual assault in any degree or sexual abuse of a minor;

(3) "without consent" means that a person

(A) with or without resisting, is coerced by the use of force against a person or property, or by the express or implied threat of imminent death, imminent physical injury, or imminent kidnapping to be inflicted on anyone; or

(B) is incapacitated as a result of an act of the defendant.

Wilson argues that the elements of first-degree sexual assault are (1) sexual penetration and (2) lack of consent. At trial, he conceded penetration and focused the jury's attention on the second element. Wilson contends that the jury could have found lack of consent based upon incapacity rather than submission to force. AS 11.41.470(3)(B). He argues that the jury could have found that G.J. was incapacitated as defined by AS 11.41.470(1) and that he knew she was incapacitated, thus supporting a conviction for third-degree sexual assault. He further asserts that G.J.'s incapacity was the result of self-induced intoxication and not "an act of the defendant" as contemplated by AS 11.41.470(3)(B). Thus,

Wilson contends that the jury could have concluded that the evidence supported a conviction for third-degree sexual assault only.

The state argues that the theory of lack of consent that it presented to the jury involved submission to force, not incapacity. The state contends that even if the evidence supported a finding that G.J. had passed out from intoxication prior to entering Wilson's vehicle, it would not support a finding that G.J. remained unconscious at the time she performed fellatio on Wilson. Baker testified that G.J. resisted having her clothes removed. G.J. testified that she resisted Wilson's assault. She testified that she was aware of what was happening to her, and told him "don't" during the sexual contact. Following the assault, G.J. was coherent enough to accurately memorize the truck's license plate number.

In contrast, Wilson's testimony was that G.J. verbally consented. He said that G.J. was "coming on to" him, and that she voluntarily removed her clothes and assisted him in the sexual act. In his words: "She proceded in giving me oral sex."

We accept the state's argument. Construing all of the testimony most favorably to Wilson, G.J. was not temporarily incapable of appraising the nature of her conduct, nor was she physically unable to express unwillingness to act. AS 11.41.470(1). In light of Wilson's testimony and his theory of the case, the trial court did not err in failing to instruct on third-degree sexual assault. *See Johnson v. State,* 665 P.2d 566 (Alaska App.1983).

### OTHER JURY INSTRUCTIONS

■ Wilson argues that Instruction Nos. 17 and 23 were erroneous. He concedes that he did not object to those instructions at trial and must therefore show "plain error." *See Crutchfield v. State,* 627 P.2d 196, 198 (Alaska 1980); Alaska R.Crim.P. 47(b). In order to find "plain error," the instruction must amount to an obvious error that substantially affected Wilson's right to

a fair trial. *Marrone v. State,* 653 P.2d 672, 675–76 (Alaska App.1982).

Wilson objects to Instruction No. 23 which explains the differences between admissions and confessions. He acknowledges that the jury might have found that he made an admission but vigorously argues that he did not confess. The instruction, however, does not indicate that either was present in this case. It contains nothing which could be construed as predisposing the jury to find that a confession rather than an admission had been made. The instruction does advise that if an admission or a confession exists, it is up to the jury to decide if it is believable. The jury was left free to reject either a confession or an admission.

Wilson cites no cases holding similar instructions improper. He bases his entire argument on cases in which jury instructions concerning intent were challenged because they either amounted to a directed verdict against the accused or unduly depreciated the state's burden of proof. *See, e.g., Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Marrone v. State,* 653 P.2d 672 (Alaska App.1982). Since Instruction No. 23 establishes no presumption and, in fact, does not use the word presumption, we find these cases inapposite. While the state is under an obligation to prove the *mens rea* of an offense, it has no obligation to prove that Wilson either made admissions or confessed. Thus, erroneous instructions regarding confessions and admissions would not undermine the state's burden of proof. While the instruction may be incomplete in telling the jurors to view oral admissions with caution without making a similar statement regarding confessions, the defect is not "obvious." In any event, we fail to see how giving the instruction substantially affected Wilson's rights. *Cf. Nathaniel v. State,* 668 P.2d 851, 857 (Alaska App.1983) (whether to give cautionary instruction regarding weight and credibility of testimony within sound discretion of trial court).

Wilson also objects to Instruction No. 17, which he argues the jury could have mistakenly believed defined the *mens rea* for kidnapping. He notes that the indictment charged kidnapping and alleged that Wilson "unlawfully and *knowingly* restrained another person ...." Since Instruction No. 17, refers to the "crimes charged," which might include kidnapping, Wilson contends that the instruction could have led the jury to believe that he could be found guilty of kidnapping, a specific intent crime, if he acted knowingly or recklessly.

Wilson's argument requires a strained reading of the instruction. Accordingly, any error is not "obviously prejudicial" and cannot be raised as "plain error." *See Crutchfield v. State,* 627 P.2d 196, 198 (Alaska 1980). We are satisfied that reading the instructions as a whole, the jury was properly informed that Wilson could not be convicted of kidnapping unless it found that he intended to restrain G.J. against her will.[4] Reading all of the in-

---

4. Instruction No. 8 provided:
The law applicable to the crime of kidnapping as charged in Count I of the Indictment is as follows:
A person commits the crime of kidnapping if he restrains another person with intent to inflict physical injury upon that person, sexually assault that person, place that person in apprehension of serious physical injury or sexual assault, or facilitate the commission of a felony or flight after commission of a felony.
In order to establish the crime of kidnapping, it is necessary for the State to prove beyond a reasonable doubt the following:
First, that the event in question occurred at or near Fairbanks, Alaska, and on or about November 11, 1981;

Second, that Bradford Wilson restrained G.J.; and
Third, that such restraint was with intent to inflict physical injury or sexual assault upon G.J., or to facilitate the commission of a felony or flight after commission of a felony.
If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you shall find the defendant guilty.
If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you shall find the defendant not guilty.
Instruction No. 18 provided:
The crime of kidnapping charged in this case requires proof of specific intent before

structions together, we cannot say that there was an obvious error or defect in the instructions affecting Wilson's right to a fair trial or that he suffered any substantial prejudice as a result of the instructions.

## SENTENCE

 Wilson, a first-felony offender, was sentenced to twenty years for kidnapping and ten years for sexual assault to run consecutively, for a total sentence of thirty years. At the time of the offense, kidnapping was an unclassified felony, AS 11.41.-300(c), punishable by a term of imprisonment of five to ninety-nine years, AS 12.55.-125(b). First-degree sexual assault was a class A felony, former AS 11.41.410(b), punishable by a sentence of not more than twenty years, AS 12.55.125(c). The presumptive terms for a second- and third-felony offender for a class A felony were ten years and fifteen years respectively. Former AS 12.55.125(c)(2)–(3). There are no presumptive terms for kidnapping. Finally, if a first-felony offender used a firearm or caused serious physical injury, the presumptive term was six years. Former AS 12.55.-125(c)(1).

Judge Hodges made a number of findings supporting the sentence imposed. Specifically, he concluded that Wilson and his confederate, Baker, seized a substantially intoxicated woman and took her to a remote site where they beat her until she was unconscious so that she could not identify them and left her to die. These findings were not clearly mistaken. In addition, Wilson took a far more active part in the offense than did Baker. Consequently, the total sentence was not excessive. *See Baker v. State,* 655 P.2d 1324, 1325 (Alaska App.1983) (twenty years for kidnapping and five years for earlier burglary conviction to run consecutively affirmed); *Williams v.*

*State,* 652 P.2d 478, 480–81 (Alaska App. 1982) (twenty years with five suspended for kidnapping and ten-year concurrent sentence for sexual assault affirmed); *Davis v. State,* 635 P.2d 481, 488 (Alaska App.1981) (twenty-year sentence for kidnapping and fifteen years for rape to be served concurrently affirmed). *See also Hintz v. State,* 627 P.2d 207, 210 (Alaska 1981) (twenty-year sentence for kidnapping and consecutive ten-year sentence for rape recommended); *Tookak v. State,* 648 P.2d 1018, 1024 (Alaska App.1982) (total sentence of forty-one years for kidnapping and rape reduced to thirty years). *But cf. Helmer v. State,* 616 P.2d 884 (Alaska 1980) (total thirty-year sentence for rape, assault with intent to kill, and burglary in a dwelling reduced to twenty-five years where a seventeen-year-old first offender raped a fourteen-year-old victim and then tried to beat her to death, causing her permanent serious physical injuries).

Wilson argues that the trial court erred in making the sentence for sexual assault consecutive to the sentence for kidnapping. He relies on *Mutschler v. State,* 560 P.2d 377, 381 (Alaska 1977), and *Lacquement v. State,* 644 P.2d 856, 862–63 (Alaska App. 1982). We find these cases irrelevant. *Mutschler* precludes imposition of consecutive sentences totaling more than the maximum sentence for the most serious offense without a specific finding that confinement for the extended period is necessary to protect the public. *Lacquement* adapts *Mutschler's* requirement to presumptive sentencing and requires a similar finding where consecutive sentences are imposed and the total exceeds the presumptive sentence for the more serious offense. Since there are no presumptive sentences for kidnapping, however, and the maximum sen-

---

the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act.

· To establish specific intent the state must prove that the defendant knowingly did an act which the law forbids, purposely intending to commit that act. Such intent may be determined from all the facts and circumstances surrounding the case.

Instruction No. 20 provided:

Since the burden is upon the prosecution to prove every essential element of the crime charged, beyond a reasonable doubt, a defendant has the right to rely upon failure of the prosecution to establish such proof. A defendant may also rely upon evidence brought out on cross-examination of witnesses for the prosecution.

tence is ninety-nine years, the trial court could impose consecutive sentences totaling thirty years without making a *Lacquement-Mutschler* finding.

■ Finally, sexual assault and kidnapping are sufficiently distinct to warrant separate sentences without violation of double jeopardy, *see Whitton v. State,* 479 P.2d 302, 312 (Alaska 1970), even when the assault and kidnapping are part of a single continuous transaction. Sexual assault "amounts to a desecration of the victim's person which is a vital part of her sanctity and dignity as a human being," *Newsom v. State,* 533 P.2d 904, 911 (Alaska 1975), while "kidnapping violates not only the victim's safety but also her personal liberty," *State v. Occhipinti,* 562 P.2d 348, 351 (Alaska 1977). Consecutive sentences are permissible when, as here, separate crimes are committed even though they are committed during a single continuous sequence of events.

The judgment of the superior court is AFFIRMED.