**Arthur L. GOOLSBY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1897.**

Court of Appeals of Alaska.

July 24, 1987.

William F. Morse, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Leonard M. Linton, Jr., Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., COATS and SINGLETON, JJ.

SINGLETON, Judge.

Arthur L. Goolsby was convicted of three counts of sexual assault in the first degree, an unclassified felony, AS 11.41.410(a)(1), and one count of attempted sexual assault in the first degree, a class A felony, AS 11.41.410(a)(1) and AS 11.31.100. Goolsby has no prior felony convictions. He did, however, use a dangerous instrument, a knife, in each of his sexual assaults. Consequently, he was subject to a ten-year presumptive term for each of the three counts of sexual assault in the first degree, AS 12.55.125(i)(2), and a seven-year presumptive term for attempted sexual as-

---

sault in the first degree, AS 12.55.125(c)(2). The trial court sentenced Goolsby as follows: Count I, ten years; Count II, ten years with five years suspended; Count III, ten years with five years suspended (first-degree assault); and, Count IV, seven years with two years suspended (first-degree attempted sexual assault). All counts are. to run consecutively. Thus, Goolsby faces a composite sentence of thirty-seven years with twelve years suspended. He appeals, contending that the sentence is excessive. We affirm.

## THE OFFENDER

Goolsby has no prior criminal record except a minor misdemeanor and three traffic offenses. He is married and has three children. He successfully served in the military and was honorably discharged. He has a steady work record. A psychiatrist examined him and found some deep-seated emotional and personality problems which partly explain why Goolsby committed the series of sexual assaults.

## THE OFFENSES

Goolsby followed the same procedure with each of the victims. Armed with a knife, he approached them on foot, threatened them with the knife, and sought to have sexual relations with them. In three of the cases he succeeded; in the fourth, he left before completing the sexual act. In addition, the presentence report mentions two additional police reports which indicate that Goolsby committed two other incidents of assault, each time using his knife. Goolsby admits to one incident, but denies the other. Instructively, the admitted assault involved a struggle in which the victim was cut with Goolsby's knife.

## THE SENTENCE

The trial court carefully considered this case, and the appropriate presumptive sentences, in light of the criteria established in *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970). Given the number and severity of the incidents, the trial court concluded that a single ten-year presumptive term would be insufficient to rehabilitate or deter Goolsby or to protect the public. *See, e.g., Lacquement v. State,* 644 P.2d 856 (Alaska App.1982). The court was concerned, however, that a certain period of time should be suspended in addition to any sentence of imprisonment to ensure that Goolsby could be reintegrated into the community after his release from incarceration. The court felt that our decision in *Nix v. State,* 653 P.2d 1093 (Alaska App.1982), was particularly instructive because Goolsby, like Nix, had multiple victims. *See* 653 P.2d at 1100–01.

Goolsby's twenty-five years of actual incarceration is less than the thirty-year maximum term for a single offense. AS 12.55.-125(i). Consequently, the court was not required to make any special findings regarding isolation. *See Mutschler v. State,* 560 P.2d 377, 381 (Alaska 1977). In any event, the record bears out the trial court's conclusions that Goolsby was particularly dangerous. *Cf. Neal v. State,* 628 P.2d 19, 21 (Alaska 1981) (court found ample evidence in record that defendant presented risk of continued criminal conduct).

In *State v. Andrews,* 707 P.2d 900 (Alaska App.1985), *aff'd,* 723 P.2d 85 (Alaska 1986), we carefully reviewed sentences imposed for first-degree sexual assault under former law when the maximum penalty was twenty years' imprisonment. We considered both violent sexual assaults and sexual assaults on children, and came to the conclusion that an appropriate range of sentences would be ten to fifteen years for aggravated offenses. 707 P.2d at 913. There are a number of factors which distinguish this case from the aggravated offenses discussed in *Andrews.*[1] The many

---

**1.** In *Andrews,* we recognized that a number of factors could aggravate a sexual assault: (1) multiple victims; (2) multiple assaults on a single victim; or, (3) serious injuries to one or more victims. 707 P.2d at 913–14. Here, Goolsby's conduct arguably satisfies all three aggravators. His conduct is similar to Nix's, but Nix

had prior felony convictions and Goolsby did not. Generally, prior felony convictions have appeared necessary for a composite sentence in excess of thirty years. 707 P.2d at 914–15. Judge White took this distinction into account in sentencing Goolsby to thirty-seven years with twelve years suspended; Nix received a compos-

separate incidents of sexual assault, Goolsby's multiple victims, his use of a dangerous instrument, and his willingness to injure his victims with that instrument, establish that he is a particularly dangerous offender who must be isolated for a substantial period of time to protect the public. We conclude that the sentence imposed was not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974); *see Helmer v. State,* 616 P.2d 884 (Alaska 1980) (rape coupled with violent assault justified twenty-five year sentence); *Wil-*

son *v. State,* 670 P.2d 1149 (Alaska App. 1983); *Davis v. State,* 635 P.2d 481 (Alaska App.1981).

The sentence of the superior court is AFFIRMED.

ite sentence of forty years. *Nix,* 653 P.2d at 1100–01.