John Lee WILLIAMS, Appellant,

v.

STATE of Alaska, Appellee.

No. A-3434.

Court of Appeals of Alaska.

Nov. 16, 1990.

Thomas A. Ballantine, III, Asst. Public Defender, John B. Salemi, Public Defender, Anchorage, for appellant.

Mary Anne Henry, Acting Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS, J., and ANDREWS\*, District Court Judge.

BRYNER, Chief Judge.

John Lee Williams was convicted after pleading no contest to one count of kidnapping and three counts of sexual abuse of a minor in the first degree. Kidnapping is an unclassified felony punishable by a maximum of ninety-nine and a minimum of five years in prison. Sexual abuse of a minor in the first degree is an unclassified felony punishable by a maximum of thirty years. As a second felony offender, Williams was subject to presumptive sentences of fifteen years for his first-degree sexual abuse convictions. No presumptive term is specified for kidnapping. Superior Court Judge Peter A. Michalski sentenced Williams to a total term of fifty-three years with twelve years suspended.[1] Williams appeals, contending that his sentence is excessive. We reverse.

## THE OFFENSE

As Williams drove through an Anchorage neighborhood early in the morning on

---

\* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. Judge Michalski imposed the following sentences: Count I, kidnapping, twenty years; Count II, sexual abuse, fifteen years, consecutive to Count I; Count III, fifteen years, with three years consecutive to Counts I and II and twelve years concurrent; Count IV, sexual abuse, fifteen years with twelve years suspended, consecutive to all other counts.

December 28, 1988, he encountered B.P., an eleven-year-old paperboy who was making his rounds. Williams had spent the night celebrating his birthday with friends, drinking and smoking T.H.C. Williams drove up to B.P. and asked for directions. He then forced B.P. into his car and demanded money. When B.P. answered that he had no money, Williams forced B.P.'s head down to prevent him from seeing and drove several blocks away. After stopping his car, Williams sexually assaulted B.P., anally raping him, forcing him to commit fellatio, and then anally raping him again.

Following the assault, Williams released B.P., threatening to kill him if he reported the offense. Though somewhat disoriented at first, B.P. managed to find his way home and immediately told his parents that he had been assaulted. Williams was arrested two days later.

## THE OFFENDER

At the time of the offense, Williams was twenty-five years old. He had two prior misdemeanor convictions—one for shoplifting, and one for fourth-degree assault—and one felony conviction—for selling a half-ounce of cocaine to an undercover agent. Williams received a suspended imposition of sentence for the felony and was still on probation when he assaulted B.P.

## THE SENTENCING

In sentencing Williams, Judge Michalski concluded that consecutive sentences were appropriate in light of the separate nature of the conduct involved in the kidnapping and sexual abuse charges. Relying on B.P.'s age and his vulnerability, the serious nature of Williams' assault, and the devastating impact that the assault had on B.P. and his family, Judge Michalski expressed the view that Williams had shown himself to be a danger to the community. The judge concluded that a lengthy period of confinement, coupled with a substantial suspended term followed by a period of probationary supervision, was necessary to express community condemnation, to deter Williams and other potential offenders, and to isolate Williams for the protection of the community. Accordingly, Judge Michalski sentenced Williams to partially consecutive terms totaling fifty-three years with twelve years suspended.

## DISCUSSION

On appeal, Williams challenges this sentence. He does not contest the individual sentences imposed for his offenses, but argues only that the aggregate term of fifty-three years with twelve years suspended is excessive.

In evaluating the propriety of the sentence, we acknowledge that Judge Michalski was correct in his conclusion that Williams' offenses were particularly serious and called for a lengthy period of confinement. Nevertheless, this conclusion does not automatically justify the sentence imposed.

 Virtually any sentence of more than ten years may be deemed lengthy. *See, e.g., Pruett v. State,* 742 P.2d 257, 264 (Alaska App.1987). While the sentencing court has broad discretion to determine the length of the sentence to be imposed in each case, its discretion is not unbounded; a sentence is subject to reversal when clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

 The relevant question on appeal is thus not whether Williams deserved a lengthy sentence, but rather how lengthy a sentence was appropriate in light of Williams' background and his conduct in the present case. In answering this question, we must bear in mind that a sentence should be no longer than actually necessary to achieve the legitimate goals of sentencing. *See Pears v. State,* 698 P.2d 1198, 1205 (Alaska 1985). We must also consider the seriousness of Williams' conduct in relation to that of other offenders. *See* AS 12.55.005(1). In this regard, it is helpful to compare Williams' sentence with sentences received by similarly situated offenders for similar misconduct. *See, e.g., Pears,* 698 P.2d at 1203. Such a comparison is especially useful given the fundamental importance accorded by Alaska's legislature to the twin sentencing goals of uniformity

and elimination of unjustified disparity. *See* AS 12.55.005.

This court and the Alaska Supreme Court have decided numerous sentence appeals involving offenders convicted of both kidnapping and sexual assault. *See generally* cases cited in *Garrison v. State*, 762 P.2d 465, 469–74 (Alaska App.1988) (Singleton, J., concurring). A review of these cases reveals a fair degree of uniformity.

First offenders who have kidnapped and raped their victims have typically received composite sentences of twenty years or less. *See Lacy v. State*, 608 P.2d 19, 23 (Alaska 1980) (approving a composite fifteen-year term for rape, two counts of kidnapping, and two counts of assault with a dangerous weapon); *White v. State*, 773 P.2d 211, 218 (Alaska App.1989) (remanding a composite term of nineteen years with four years suspended for burglary, robbery, rape, assault and kidnapping, indicating that sentence should not have exceeded ten years absent a finding of need for isolation); *Barry v. State*, 675 P.2d 1292, 1297 (Alaska App.1984) (approving a composite sentence of twenty years for kidnapping and sexual assault in the first degree); *Williams v. State*, 652 P.2d 478, 480–81 (Alaska App.1982) (approving a composite sentence of twenty years with five years suspended for kidnapping, first-degree sexual assault, and second-degree assault); *Davis v. State*, 635 P.2d 481, 488 (Alaska App.1981) (approving a composite sentence of twenty years for kidnapping and rape). Even in particularly serious kidnap/rape cases, this court has held that a composite sentence of substantially less than twenty years is not too lenient. *See Garrison*, 762 P.2d at 468–69 (declining to find a composite term of twelve years to be too lenient for kidnapping, sexual assault in the first degree, and assault in the first degree).

There appear to be two notable exceptions to the twenty-year ceiling for first offenders convicted in kidnap/rape situations. In *Morrell v. State*, 575 P.2d 1200, 1213 (Alaska 1978), the Alaska Supreme Court upheld a composite term of life imprisonment plus ten years for a first offender convicted of kidnapping and multiple instances of rape. The case, however, is readily distinguished from other kidnap/rape cases, for even apart from the multiple rapes committed, the conduct involved in the kidnapping was particularly egregious in its own right. Morrell abducted and virtually enslaved his victim for eight days, holding her prisoner in his house, keeping her physically bound much of the time, and repeatedly raping her. Morrell's conduct was thus among the most serious within the definition of kidnapping and therefore merits an exceptionally severe sentence. *See Garrison*, 762 P.2d at 472 (Singleton, J., concurring).[2]

The second notable exception to the twenty-year ceiling for first offenders in kidnap/rape cases is *Wilson v. State*, 670 P.2d 1149, 1154 (Alaska App.1983), in which this court approved a composite term of thirty years for kidnapping and rape. However, the circumstances surrounding the victim's abduction in *Wilson* were also unusually aggravated. Wilson and a companion forcibly abducted a woman and drove to a remote location, where Wilson raped his victim. After the rape, Wilson and his companion repeatedly kicked their victim in the head until she lost consciousness. They then abandoned her, naked, in the snow in freezing temperatures. In approving Wilson's composite sentence of thirty years, we relied strongly on the trial court's conclusion that Wilson and his companion had left their victim to die in order to prevent her from identifying them. *Id.*[3]

---

**2.** Significantly, since deciding *Morrell*, the Alaska Supreme Court has declined to approve comparable sentences in kidnap/rape cases involving equally egregious sexual assaults but less extreme acts of abduction. *See Hintz v. State*, 627 P.2d 207, 210–11 (Alaska 1981). In reducing to thirty years the life sentence imposed by the sentencing court in *Hintz*, the supreme court expressly noted that the kidnapping in *Morrell*

was particularly heinous and among the worst in its class.

**3.** Two other cases involving first felony offenders who received sentences in excess of twenty years deserve mention, although neither involved a rape/kidnap situation. In *Helmer v. State*, 616 P.2d 884, 886–87 (Alaska 1980), the supreme court approved a composite term of no

█ These decisions indicate that an aggregate term of twenty years or less will normally be appropriate for a first felony offender in a kidnap/rape case; a longer sentence will be warranted only when the kidnapping is aggravated in its own right, either because of its duration or because the defendant actually placed the victim's life in jeopardy by means of the abduction.[4]

A second category of kidnap/rape cases that this court and the Alaska Supreme Court has considered involves offenders who have had at least one prior felony conviction but whose criminal history was not extensive enough to qualify them as dangerous offenders.[5] *See Hintz,* 627 P.2d 207; *Patterson v. State,* 689 P.2d 146 (Alaska App.1984); *Johnson v. State,* 662 P.2d 981, 990 n. 8 (Alaska App.1983); *Baker v. State,* 655 P.2d 1324 (Alaska App.

1983); *Tookak v. State,* 648 P.2d 1018 (Alaska App.1982).

█ All of the cases in this category involved aggravated sexual assaults—assaults that included significant violence and physical injury, multiple acts of rape, or both. Nevertheless, none of the cases has upheld a composite sentence of more than thirty years. In *Hintz, Tookak* and *Patterson,* aggregate sentences of more than thirty years were found excessive; in *Johnson* and *Baker,* composite sentences of less than thirty years were found not to be excessive. These precedents firmly establish thirty years as the maximum composite sentence that should ordinarily be imposed in kidnap/rape cases involving offenders who have one or more prior felony convictions but whose criminal history does

---

more than twenty-five years for a seventeen-year-old first offender convicted of burglary, rape, and assault with intent to kill. The circumstances surrounding the physical assault in *Helmer,* however, were particularly serious. After breaking into his victim's house and raping her, Helmer attempted to kill his victim by attacking her with a heavy fireplace poker. As a result of the attack, Helmer's victim was scarred for life and blinded in one eye. The supreme court's willingness to approve a term of twenty-five years appears to have been based primarily on Helmer's attempt to kill his victim.

In *Nylund v. State,* 716 P.2d 387, 390–91 (Alaska App.1986), this court held a sentence not exceeding thirty years to be permissible for a first offender convicted of kidnapping. Nylund abducted a seven-year-old girl from a shopping mall in Fairbanks; his precise motive was uncertain. Bystanders managed to rescue the victim before Nylund left the mall's parking lot. Our conclusion that a sentence of up to thirty years was justified despite Nylund's status as a first offender was based largely on the apparent likelihood that Nylund might have killed his victim or held her captive for a protracted period of time had his abduction not been fortuitously interrupted. *See Garrison,* 762 P.2d at 473–74 (Singleton, J., concurring).

4. It is also conceivable that a composite term of more than twenty years might be justified in a first offense kidnap/rape case if the circumstances surrounding the victim's sexual assault were exceptionally serious. In this regard, however, a note of caution is necessary. We have recognized that, even in aggravated cases, first felony offenders convicted of sexual assault or sexual abuse should ordinarily receive a composite sentence of no more than ten to fifteen years of unsuspended incarceration. *State v.*

*Andrews,* 707 P.2d 900, 913–17 (Alaska App. 1985), *aff'd,* 723 P.2d 85 (Alaska 1986). Although we have recognized that longer composite sentences may be justified in exceptionally aggravated cases, we have found exceptional circumstances only in cases involving offenders who assaulted multiple victims or who engaged in repeated acts of sexual abuse over a prolonged period of time. *See, e.g., Goolsby v. State,* 739 P.2d 788, 789–90 (Alaska App.1987); *Lewis v. State,* 706 P.2d 715, 716–17 (Alaska App.1985).

Notably, we have never found a sexual assault to be exceptionally aggravated for purposes of exceeding the *Andrews* benchmark merely because it involved several acts of sexual penetration during a single episode. Indeed, most of the first offenders who have been sentenced to composite terms of twenty years or less in kidnap/rape cases committed multiple acts of sexual penetration. *See, e.g., Davis,* 635 P.2d at 483; *Lacy,* 608 P.2d at 23; *Barry,* 675 P.2d at 1297; *Garrison,* 762 P.2d at 468. These cases indicate that a composite sentence of more than twenty years will not be justified in a first offense kidnap/rape case solely because the defendant engaged in multiple acts of sexual penetration.

5. The term "dangerous offender" in this context refers to a person who meets the criteria for a "habitual offender" specified in Standard 18–4.-4(c) of the A.B.A. Standards for Criminal Justice—that is, one who has been convicted of at least two prior felonies committed on different occasions within five years of the most recent offense and who has previously served a sentence in excess of one year. See III *Standards for Criminal Justice* § 18–4.4(c) (1982); *Skrepich v. State,* 740 P.2d 950 (Alaska App.1987).

not place them in the dangerous offender category.

Only a handful of decisions in kidnap/rape cases have approved composite sentences of more than thirty years. Without exception, those cases have involved kidnappings of prolonged duration or offenders whose prior criminal histories established them as persistent, violent criminals. *See Morrell*, 575 P.2d at 1202–03, 1213 (abduction and multiple rapes lasting over a period of eight days); *Post v. State*, 580 P.2d 304, 305–06, 309 (Alaska 1978) (kidnap and rape in which victim was held captive for twenty hours before escaping; defendant previously convicted of five counts of arson and one count of attempted arson and previously found not guilty by reason of insanity for various offenses; psychiatric report indicated that defendant had feigned insanity to avoid criminal responsibility); *Contreras v. State*, 767 P.2d 1169 (Alaska App.1989) (defendant convicted of kidnapping, assault in the third degree, and three counts of sexual assault in the first degree; defendant kidnapped, threatened to kill, and sexually assaulted two individuals shortly after another incident of burglary and sexual assault; defendant had at least three prior felony convictions, had an extensive history of misdemeanors and had repeatedly attempted to escape following arrest for his most recent offenses).

■ In the present case, Williams had only one prior felony conviction and had never served significant time in prison. His criminal history did not qualify him for treatment as a dangerous offender. Although Williams' sexual assault of B.P. involved exceptionally aggravated conduct, his abduction of B.P. did not in itself constitute an aggravated act of kidnapping. B.P.'s abduction was relatively brief, he was released in an area not far removed from the location of the abduction, and the circumstances surrounding his release were not life-threatening.

Williams' case appears similar to cases such as *Hintz, Tookak*, and *Patterson*. One significant distinction, however, is that Williams' victim was an eleven-year-old child, whereas the victims in *Hintz, Tookak*, and *Patterson* were adults. The age and relative vulnerability of Williams' victim is to some extent offset, however, in *Hintz, Tookak*, and *Patterson* by aggravating circumstances that are absent here. For instance, the offenders in *Hintz, Tookak*, and *Patterson* were armed with handguns. All three cases involved abductions that apparently lasted considerably longer than in the present case. In *Hintz* and *Tookak*, the victims were released under life-threatening circumstances. Moreover, the defendants in *Patterson* and *Tookak* had prior criminal histories considerably more extensive than Williams'.

In our view, Williams' case, though in some respects more serious, is essentially similar to the cases in which we have previously approved composite sentences of no more than thirty years. Neither Williams' criminal record nor the seriousness of his conduct warrants placing his case on a par with *Morrell, Post*, and *Contreras*.[6] The similarity between this case and cases such as *Hintz, Tookak*, and *Patterson*, requires a sentence that is similar.

We nevertheless believe that the age of Williams' victim distinguishes his case sufficiently from *Hintz, Tookak*, and *Patterson* to justify a period of suspended imprisonment beyond the thirty-year unsuspended terms permitted in those cases; Williams' choice of an eleven-year-old child as his victim raises particularly serious questions concerning the extent of danger he will pose when he is released. A suspended term of incarceration with a substantial period of probation will ensure that Williams can be adequately supervised and

6. Nor does Williams appear to be comparable to other offenders for whom sentences of forty years or more have been approved. Except in cases involving murder or attempted murder, we have approved composite terms of forty years or more only for violent crimes committed by offenders with backgrounds that included habitual criminality or repeated acts of serious violence. *See, e.g., Hancock v. State,* 741 P.2d 1210 (Alaska App.1987); *Wortham v. State,* 689 P.2d 1133 (Alaska App.1984); *Larson v. State,* 688 P.2d 592 (Alaska App.1984); and *Nix v. State,* 653 P.2d 1093 (Alaska App.1982).

that he will have a strong incentive to conform his conduct to the requirements of the law upon his eventual release.

In summary, we hold that the composite term of fifty-three years with twelve years suspended is clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974). The sentence imposed below is VACATED. This case is REMANDED for imposition of a composite term that does not exceed forty years with ten years suspended.