**Sababu O. HODARI, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–6470.

Court of Appeals of Alaska.

March 6, 1998.

James Wendt, Assistant Public Advocate, and Brant McGee, Public Advocate, Anchorage, for Appellant.

Roger B. Rom, Assistant District Attorney, Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

*OPINION*

COATS, Chief Judge.

Sababu O. Hodari was convicted, based upon his plea of nolo contendere, of two counts of sexual assault in the first degree, an unclassified felony with a maximum sentence of thirty years of imprisonment, robbery in the first degree, a class A felony, and assault in the second degree, a class B felony. AS 11.41.410(a)(1); AS 11.41.500(a)(1),(2); AS 11.41.210(a)(1). Superior Court Judge Elaine M. Andrews sentenced Hodari to a composite sentence of fifty-five years of imprisonment. Hodari appeals, arguing that the sentence is excessive. We conclude the sentence is excessive and remand for imposition of a composite sentence of forty years of imprisonment.

On April 12, 1995, E.O., her eighteen-year-old daughter, T.S., and her fourteen-year-old son, J.S., were at home in their trailer in Anchorage. E.O. and T.S. were asleep in their rooms, J.S. was awake playing video games. J.S. heard a knock on the door. When he went to open the door, four male adults forced the door open. Each man had a hand gun. The men started to beat J.S. with their fists, feet, and guns. One of them hit J.S. with a microwave oven. The men kept asking J.S., "Where's the money?"

T.S., who was eight and one-half months pregnant, came out of the bedroom. The men forced her onto her knees yelling, "Where's your mom?" "Where's the money?" They dragged T.S. down the hall to a back room and sexually assaulted her. One of the men repeatedly put his fingers in her vagina and then his penis. In addition, Hodari put a barrel of a hand gun in her vagina. Although T.S. cried out, "My baby, my baby, I'm pregnant," the men repeatedly hit her and kicked her in the stomach. One of the men hit her on the head with a gun. T.S. identified Hodari as the man who hit her on the head with a gun and stated Hodari kicked her in the stomach at least once and put the gun in her vagina.

One of the men hit E.O. in the face to wake her up. They then continued to hit E.O. with their hands and guns and then hit her with drawers from furniture in the room. Two of the men forced E.O. to perform fellatio on them. The men demanded that E.O.

tell them where "the money" was located. She told them that it was in a safe in the trailer. The men took the safe, which contained $7000 in cash and some jewelry, along with a stereo and some car tire rims. Before they left, the men told E.O. that if she called the police, "we['re going to] come back and kill you all." However, after E.O. saw the men drive away, in spite of being severely beaten, E.O. had her children get in the car and managed to contact a police officer who led her to the hospital.

E.O. was completely battered about her body. She had to remain in the hospital for a couple of days. T.S. was also severely bruised and suffered abrasions over many parts of her body. J.S. was also bruised and beaten and was treated for a cut on the head which required stitches.

■ In sentencing Hodari, Judge Andrews pointed out that Hodari was twenty-three years old at the time of the offense and that Hodari had "a significant juvenile record." Hodari had two prior felony convictions. In 1992, Hodari was convicted of misconduct involving a controlled substance in the fourth degree, a class C felony. He was sentenced to two years with one year suspended, and placed on probation for a period of five years. On July 26, 1995, Hodari was convicted of misconduct involving a controlled substance in the third degree, a class B felony, and was sentenced to six years of imprisonment.[1] Judge Andrews pointed out that Hodari had a "terrible record on probation," had numerous misdemeanor convictions, and that Hodari committed the present offense while he was on probation. She concluded that "it's pretty clear [Hodari is] not going to do anything he doesn't want to do, probation or no

probation, parole or no parole, court orders or no court orders." She noted that Hodari had continued his refusal to abide by any rules by accumulating a remarkable record of non-compliance with prison regulations.

Judge Andrews then discussed Hodari's offenses under sentencing guidelines which we set out in *Williams v. State,* 800 P.2d 955 (Alaska App.1990), *on rehearing,* 809 P.2d 931 (Alaska App.1991). Williams forced an eleven-year-old paper boy into his car, demanding money. After the boy answered that he did not have any money, Williams forced his head down and drove him several blocks away. *Id.* at 957. Williams then sexually assaulted the boy by anally raping him twice and forcing him to commit fellatio. Williams released the boy after the assault, threatening to kill him if he reported the offense. Williams was convicted of one count of kidnapping and three counts of sexual abuse of a minor in the first degree. *Id.* at 956.[2] Williams had one prior felony conviction for selling a half-ounce of cocaine; Williams received a suspended imposition of sentence and was on probation when he committed the assault. *Id.* at 957. He also had two prior misdemeanor convictions. *Id.*

■ In *Williams,* we analyzed cases which this court and the Alaska Supreme Court had reviewed, of offenders convicted of both kidnapping and sexual assault. We recognize, as did Judge Andrews, that Hodari was never convicted of kidnapping. However, she found that Hodari had committed a technical kidnapping and that the *Williams* guidelines were the relevant guidelines to apply in sentencing Hodari. We agree with this analysis.[3] In *Williams,* we summarized the prior sentencing decisions as follows:

1. Because Hodari had not been sentenced on this felony at the time he committed the present offense, this offense did not constitute a prior felony conviction for purposes of presumptive sentencing. *Sawyer v. State,* 663 P.2d 230 (Alaska App.1983). Therefore, Hodari was subject to presumptive sentencing as a second felony offender.

2. Both of these offenses are unclassified felonies. Kidnapping is punishable by a maximum term of ninety-nine years of imprisonment. Sexual abuse of a minor in the first degree is punishable by a maximum term of thirty years of imprisonment.

3. Kidnapping occurs when a "person restrains another with the intent to ... inflict physical injury upon or sexually assault the restrained person or place the restrained or a third person in apprehension that any person will be subjected to serious physical injury or sexual assault[.]" AS 11.41.300(a)(1)(C). However restraint which is merely incidental to a sexual assault or robbery does not turn the sexual assault or robbery into a kidnapping. Kidnapping occurs when there is significant confinement or movement of the victim of the sexual assault or robbery beyond that necessary to commit the offense. *Alam v. State,* 776 P.2d 345, 349 (Alaska App. 1989). In the instant case, we conclude Judge Andrews did not err in determining that Hodari

These decisions indicate that an aggregate term of twenty years or less will normally be appropriate for a first felony offender in a kidnap/rape case; a longer sentence will be warranted only when the kidnapping is aggravated in its own right, either because of its duration or because the defendant actually placed the victim's life in jeopardy by means of the abduction.

A second category of kidnap/rape cases that this court and the Alaska Supreme Court has considered involves offenders who have had at least one prior felony conviction but whose criminal history was not extensive enough to qualify them as dangerous offenders.

All of the cases in this category involved aggravated sexual assaults—assaults that included significant violence and physical injury, multiple acts of rape, or both. Nevertheless, none of the cases has upheld a composite sentence of more than thirty years.... These precedents firmly establish thirty years as the maximum composite sentence that should ordinarily be imposed in kidnap/rape cases involving offenders who have one or more prior felony convictions but whose criminal history does not place them in the dangerous offender category.[4]

Only a handful of decisions in kidnap/rape cases have approved composite sentences of more than thirty years. Without exception, those cases have involved kidnappings of prolonged duration or offenders whose prior criminal histories established them as persistent, violent criminals[.]

(Citations and footnotes omitted.) Further, we explained:

Except in cases involving murder or attempted murder, we have approved composite terms of forty years or more only for violent crimes committed by offenders with backgrounds that included habitual criminality or repeated acts of serious violence.

*Id.* at 960 n. 6 (citations omitted). We concluded that Williams' case was similar to those cases where offenders had been sentenced to a maximum composite sentence of thirty years of imprisonment. We concluded that the age of Williams' eleven-year-old victim was an aggravating circumstance which allowed the trial court to place Williams in the same category as offenders who had used weapons in committing their offenses and also justified a ten-year period of probation in addition to the thirty years of imprisonment. *Id.* at 961.

■ Judge Andrews gave several reasons why she found that the facts of Hodari's case deserved a more severe sentence than the sentence which Williams received. She found that Hodari was a leader of the group. He had been the instigator of the offense and had directed the others during the offense. Williams had acted alone. She noted that Hodari had committed a burglary by forcibly entering a home in the middle of the night; Williams had not committed a burglary. Hodari, unlike Williams, used a weapon. She found that the facts of the kidnapping offense in both cases were similar. Hodari had committed a technical kidnapping and Williams had committed a minimal kidnapping offense. She found that Hodari had engaged in "exceptional gratuitous violence" to the victims and their property; Williams had not engaged in gratuitous violence. She found that Hodari had a more serious criminal record than Williams. She found that Hodari, unlike Williams, was a "dangerous offender" as we defined that term in *Williams*. She concluded that these differences made Hodari's case more aggravated than Williams' and would support a sentence of fifty-five years of imprisonment.

■ We find Judge Andrews' analysis is persuasive that Hodari's case is more aggra-

---

had committed a "technical kidnap" in the restraint which he exercised over the victims' movements.

4. In *Williams*, 800 P.2d at 959 n. 5, we defined "dangerous offender" as follows:

The term "dangerous offender" in this context refers to a person who meets the criteria for a "habitual offender" specified in Standard 18–

4.4(c) of the A.B.A. Standards for Criminal Justice—that is, one who has been convicted of at least two prior felonies committed on different occasions within five years of the most recent offense and who has previously served a sentence in excess of one year. See III *Standards for Criminal Justice* § 18–4.4(c) (1982); *Skrepich v. State*, 740 P.2d 950 (Alaska App. 1987).

vated than Williams' and deserving of a more severe sentence. However, we do not believe that we can approve a sentence for Hodari of greater than forty years of imprisonment. As we have previously stated, "we have approved composite terms of forty years or more only for violent crimes committed by offenders with backgrounds that included habitual criminality or repeated acts of serious violence." *Williams,* 800 P.2d at 960 n. 6. The cases which we cited for this proposition, *Hancock v. State,* 741 P.2d 1210 (Alaska App.1987), *Wortham v. State,* 689 P.2d 1133 (Alaska App.1984), *Larson v. State,* 688 P.2d 592 (Alaska App.1984), and *Nix v. State,* 653 P.2d 1093 (Alaska App.1982), all involved very serious offenses committed by dangerous offenders. *Williams,* 800 P.2d at 960 n. 6. A review of these cases shows that we did not approve composite sentences in excess of forty years of imprisonment except in *Wortham.* *Wortham* is distinguishable because Wortham was an older offender who had kidnapped and intentionally shot his vic-

tim. Wortham had five prior felony convictions for which he had previously served substantial terms of imprisonment, had just been released from serving a substantial term of imprisonment, and was on parole at the time of the offenses. *Wortham,* 689 P.2d at 1144. Hodari's case is clearly not as aggravated as *Wortham.* His case fits within the cases where offenders have received a maximum sentence of forty years of imprisonment. We therefore conclude that a sentence of greater than forty years of imprisonment is excessive. We conclude that the fifty-five year sentence which Judge Andrews imposed is clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974). We remand to the trial court with directions to impose a sentence not to exceed forty years of imprisonment.[5]

REMANDED.

---

5. Hodari contends that Judge Andrews erred in playing the testimony of E.O. which E.O. gave at the trial of Hodari's codefendants. However, Hodari never objected to the playing of this testimony and must therefore establish plain error. Alaska Criminal Rule 47(b). We do not find plain error. Even at trial, hearsay is admissible absent an objection. *Cassell v. State,* 645 P.2d 219, 220–21 (Alaska App.1982). Hodari also contends that Judge Andrews erred in rejecting a plea agreement which Hodari had with the district attorney's office where the parties agreed that the court should impose a sentence of twenty-five years of imprisonment. However Judge Andrews was under no obligation to accept the plea agreement. Alaska Criminal Rule 11(e). When Judge Andrews rejected the plea agreement, Hodari's remedy was to withdraw from the plea agreement. Alaska R.Crim. P. 11(e)(3). Hodari chose to enter a plea and face open sentencing. By entering his plea, Hodari waived all non-jurisdictional issues. *Cooksey v. State,* 524 P.2d 1251, 1255 (Alaska 1974). In short, Judge Andrews' action in refusing the plea agreement is authorized by Alaska Criminal Rule 11(e)(3) and Hodari waived any claim that he might have by entering his nolo contendere plea.